## 29959. HILL v. HILL.

NICHOLS, Chief Justice.

Elvira Hill filed a complaint seeking a divorce from Jack E. Hill in the Superior Court of DeKalb County. Paragraph 4 of such complaint alleged: " Petitioner is entitled to a divorce on grounds of irreconcilable differences. They tried and could not reconcile their differences. The marriage is irrevocably ended and broken."

The complaint was served on Jack E. Hill on December 30, 1974. On February 10, 1975 a final decree of divorce was granted with costs against the defendant.

On February 13, 1975 Jack E. Hill filed a motion to vacate and set aside the final judgment and decree on three grounds. On the hearing of such motion the trial court ordered a jury trial on one issue but denied the former husband any relief on the other two grounds. Such judgment was certified for immediate review and the former husband filed an appeal in which he enumerates the denial of his motion to vacate and set aside upon the other two grounds as error.

1. The language quoted above from the appellee's original complaint, while not in conformity with the statutory grounds of divorce, was an amendable defect. Thus, the ground of the motion to set aside which attacked the divorce decree upon the ground that no statutory ground of divorce was alleged is without merit and was properly denied by the trial court. See Section 60 of the Civil Practice Act (Ga. L. 1966, p. 609; Ga. L. 1967, p. 226; Ga. L. 1974, p. 1138) (Code Ann. § 81A-160 (d)).

2. The remaining ground of the appellant's motion to set aside which was denied by the trial court contends that under Section 55 of the Civil Practice Act, supra (Code Ann. § 81A-155) the application to open the default made 42 days after service of the complaint upon the appellant requires that the divorce decree be set aside.

The provisions of Section 55 (a) of the Civil Practice Act relate to those cases where no judgment has been entered. Section 40 of the Civil Practice Act (Code Ann. § 81A-140) provides: "All civil cases, including divorce and other domestic relations cases, shall be triable any time

after the last day upon which defensive pleadings were required to be filed therein . . ." No defensive pleadings were timely filed by the appellant, the case was ripe for trial, and no right existed after judgment to have such judgment set aside by the payment of costs and the filing of defensive pleadings. Compare *Mitchell v. Mitchell,* 226 Ga. 678 (177 SE2d 89).

The judgment denying the motion to set aside on those grounds was not error for any reason enumerated.

*Judgment affirmed. All the Justices concur.*

ARGUED JULY 10, 1975 — DECIDED SEPTEMBER 2, 1975.

*Charles A. Pemberton,* for appellant.
*Williamson & Kermish, Ted Marcus,* for appellee.