### 30888. FAIN v. HUTTO et al.

JORDAN, Justice.

This appeal is from the dismissal of the complaint of Judy L. Fain against Deborah Hutto and J. L. Allen.

The complaint was filed in DeKalb Superior Court, and alleged: In February, 1975, Hutto filed a suit against the plaintiff in the State Court of DeKalb County demanding $200 in damages. Allen, a deputy marshal of that court, purported to serve the suit on the plaintiff by delivering a copy of the suit and summons at her "place of abode . . . into hands of door." She never received the copy, and judgment was obtained against her by default. She was first notified of the judgment against her when her wages were withheld in a garnishment proceeding. The purported service upon her deprived her of due process and was void. Allen knew, or should have known, that the purported service was void, and he is liable for the damages flowing from his acts. She prayed that the judgment rendered against her in the State Court of DeKalb County be declared null and void; that Hutto be temporarily and permanently enjoined from causing any garnishment or execution to issue pursuant to the judgment; that Hutto be enjoined from withholding from the plaintiff any money paid into court pursuant to the garnishment presently pending; and that the plaintiff be awarded judgment against Allen on his bond as deputy marshal for the damages she has suffered from his wrongful acts.

Allen moved the court to dismiss the complaint, asserting that he made legal service upon the plaintiff of the action of Hutto against her, and that the complaint attempts to make a collateral attack upon a judgment rendered in the State Court of DeKalb County. No answer was filed by Hutto.

The plaintiff moved the court for judgment against Hutto for the $124.94 she had recovered from the plaintiff in the garnishment proceeding. The plaintiff also moved for judgment on the pleadings as to the liability of Allen for failure to faithfully discharge his duty to properly serve her in the suit against her in the State Court of DeKalb County.

The trial judge heard the motions and made findings of fact in which he recited certain stipulations of the plaintiff. He further found that the State Court of DeKalb County operates as a justice of the peace court in jurisdictional amounts of $200 or less, and that service

was perfected on the plaintiff in compliance with Code § 24-1105.

The trial judge held that the prayers for equitable relief were moot prior to the filing of the complaint because Hutto had been paid prior to the filing of the equitable action; that the complaint was a collateral attack on a judgment rendered in the State Court of DeKalb County; and that there is no liability to the plaintiff on the part of Allen. Allen's motion to dismiss for failure to state a claim was sustained, and the complaint was dismissed for lack of jurisdiction in the court.

1. The trial judge erred in finding that service was legally perfected on the plaintiff (appellant) in the suit against her in the State Court of DeKalb County.

That court was originally created in lieu of the justice of the peace court in the corporate limits of the City of Atlanta located in DeKalb County. Ga. L. 1951, pp. 2401—2416. In *DeKalb County v. Deason,* 221 Ga. 237 (144 SE2d 446) (1965), this court held that the court (then the Civil and Criminal Court of DeKalb County) was not a court of record. Thereafter the General Assembly (by Ga. L. 1968, pp. 2928, 2932) made it a court of record as that term is used in the Civil Practice Act, and its procedure is governed by the Civil Practice Act. *Gresham v. Symmers,* 227 Ga. 616 (2) (182 SE2d 764) (1971).

Under the Civil Practice Act service of the suit for $200 against the appellant was required to be made personally or by leaving a copy at her residence with "some person of suitable age and discretion then residing therein, . . ." Code Ann. § 81A-104 (d) (7) (Ga. L. 1966, pp. 609, 610; 1967, pp. 226, 227, 228, 249; 1968, pp. 1104, 1105; 1969, p. 487; 1972, pp. 689—692).

The return of service by the deputy marshal shows that it was not in compliance with the law governing such service, though had the complaint been for "less than $200" the service would have complied with the CPA (Code Ann. § 81A-104 (d) (6)).

2. This court has held that a court of equity may entertain a direct proceeding to set aside a judgment in a court of law where the defendant in the suit was not legally served with process, did not waive service, and had no knowledge of the proceedings. *Termplan, Inc. v. Miller,*

228 Ga. 428 (186 SE2d 102) (1971); *DeJarnette Supply Co. v. F. P. Plaza, Inc.,* 229 Ga. 625 (193 SE2d 852) (1972); *Hatten v. Avco Financial Services, Inc.,* 230 Ga. 771 (199 SE2d 259) (1973); *Thompson v. Lagerquist,* 232 Ga. 75 (205 SE2d 267) (1974).

The appellant's stipulation, recited in the judge's order, that there was no fraud, accident, or mistake, or any acts of the adverse party unmixed with the negligence or fault of the complainant in the obtaining of the judgment in the State Court of DeKalb County (Code Ann. § 81A-160 (e); Ga. L. 1966, pp. 609, 662; 1967, pp. 226, 239, 240; 1974, p. 1138), would not prevent a court of equity from setting aside a judgment void for lack of jurisdiction of the person. Code Ann. § 81A-160 (f).

The trial judge therefore erred in dismissing the complaint for lack of jurisdiction to set aside the default judgment in the State Court of DeKalb County. In connection with setting aside the judgment, the complaint stated a claim for recovery from Hutto of the amount obtained in the garnishment proceeding, and for injunction against further enforcement of the judgment.

3. The trial judge's denial of the motion by the appellant for judgment on the pleadings against Allen, and his sustaining of the motion of Allen to dismiss the appellant's complaint were predicated on his finding that the service on the appellant was legal. We have heretofore held that this finding was incorrect since the stated amount was "$200."

We must therefore determine whether the court properly dismissed the complaint as against Allen for other reasons. Since the appellant made a motion for judgment on the pleadings, this determination must be made on the basis of whether the appellant alleged a cause of action against him.

The appellant did not allege that Allen made a false return of service. He served the case against her in the manner provided by law for cases in the justice of peace courts, a method which the trial judge held to be good service, and this court for the first time, under these circumstances, holds such service insufficient. The allegations of the appellant's complaint are insufficient to show that there was a neglect of duty on the part of Allen

which would give her a cause of action against him. The trial judge therefore did not err in dismissing the complaint against him.

*Judgment affirmed in part and reversed in part. All the Justices concur, except Gunter, Ingram, and Hill, JJ., who concur in the judgment only.*

ARGUED MARCH 15, 1976 — DECIDED MAY 17, 1976 —
REHEARING DENIED JUNE 8, 1976.

*Joseph H. King, Jr.,* for appellant.
*Wendell K. Willard, E. C. Harvey, Jr.,* for appellees.