## 54796. SPENCER v. TAYLOR et al.

SMITH, Judge.

Spencer appeals from the judgment granting a writ of possession on certain of his personal property and awarding Taylor "the sum of $2,228.38, plus attorney fees of ten (10) percent and court costs." We affirm that part of the judgment issuing a writ of possession and reverse that part awarding the amount allegedly due plus costs.

Mrs. Taylor, the appellee, brought this suit claiming appellant owed her $2,228.38, the balance due on a $3,500 note secured by certain personal property in Spencer's possession. In her complaint, appellee contended that appellant had not responded to her demand for payment and that he remained past due on his monthly installments. Further, appellee claimed that a writ of possession "should issue and that the property securing the note be seized and sold to satisfy the debt" and that she "have such other relief as is just and proper." On July 14, 1976, summons was served upon appellant, commanding him to answer the complaint, attached thereto, "within 30 days after service . . . exclusive of the day of service." Also served upon appellant was a court order requiring him to appear at a hearing on August 12, 1976. Appellant failed to file an answer within the specified time period; moreover, he declined to appear at the August 12 hearing. Therefore, on August 13, the court rendered a judgment awarding appellee "the sum of $2,228.38 plus attorney's fees of ten (10) percent and court costs" and ordering the sheriff to seize and sell the secured property and apply the proceeds of the sale toward the payment of the judgment. As sole reason for its judgment the court noted appellant's failure "to appear and file defensive pleadings." Appellant's first response to the institution of this suit was on August 25, 1976, when he filed an answer praying "that any writ of possession which may have been issued prior to the lawful time allowed Defendant . . . to answer Plaintiff's Complaint be set aside and vacated by the Court." Then, appellee moved to dismiss Spencer's answer, and appellant moved to set aside the court's August 13 judgment. The court scheduled a hearing for

December 1, 1976, and, on December 20, entered the following order concerning appellant's assertion that, because the deputy sheriff had failed to sign the return of service, the court lacked jurisdiction to issue the judgment: "The above and foregoing matter having come before the Court for hearing on December 1, 1976, and from evidence presented, it appears that J. R. Anchors, Deputy Sheriff of White County, Georgia through mistake or inadvertence failed to sign the certificate of service after having served the defendant Eugene Spencer in the above styled action and after considering said evidence it is . . . Ordered, Adjudged and Decreed Nunc Pro Tunc that a certificate of service be signed by said J. R. Anchors and be duly filed in the Office of the Clerk of the Superior Court of White County, Georgia, to remedy said omission." Before the court and for its consideration in rendering the December 20 order was the deputy sheriff's affidavit, in which he swore that he properly served appellant on July 14 and that he inadvertently failed to sign the return. On June 14, 1977, the court entered an order dismissing appellant's defensive pleadings and affirming its prior judgment.

1. Appellant's motion "not to consider brief of appellee and supplemental brief of appellee" is denied. Appellee's brief was properly filed, within forty days of the date the notice of appeal was docketed. Rule 16(a) of the Court of Appeals. Furthermore, "supplemental briefs . . . may be filed at any time before decision. Prior permission is not required for filing." Rule 17(a) of the Court of Appeals.

2. In complying with Code § 67-702, appellee petitioned for the writ of possession upon a "statement of facts" prepared by her attorney in the form of an affidavit, within which the attorney stated that he was "attorney of record for Vernall Taylor" and that he was stating the facts particular to the security arrangement from "his own personal knowledge." Contrary to appellant's contention, this statement cannot be deemed inoperable merely because, following his signature at the bottom of the statement, he did not restate that he was Taylor's attorney. Furthermore, as the attorney swore that he stated the facts as he knew them from his personal

knowledge and as, on its face, the affidavit appears to have been based on first hand knowledge, appellant will not now be heard to complain that the affidavit was based upon hearsay.

3. Appellant contends the court prematurely granted the writ of possession against him. We disagree. Code § 67-703 stipulates that the "summons served on the defendant pursuant hereto shall command and require the defendant to appear at a hearing on a day certain fixed by such judge, justice or clerk not less than seven days from the date the summons was served." The court, by an order served upon appellant along with the summons, set the hearing for August 12, a date *twenty-nine* days subsequent to the date summons was served. When appellant did not appear or answer, the court, on August 13, properly granted the writ of possession. Code § 67-704. Since appellant did not answer until forty-two days subsequent to the service of summons, neither can he complain that the court's action was premature to the lapse of the thirty-day time period within which the summons itself required appellant to answer.

4. We find meritless appellant's contention that, since the deputy sheriff neglected to sign the return of service, the court lacked jurisdiction to issue the writ of possession. In his August 25 answer, appellant affirmatively admitted the court had jurisdiction; furthermore, appellant has never denied that service was proper. In its December 20 order, entered following the December 1 hearing, the court concluded that service had been perfected and that the irregularity in the return should be remedied. The evidence, including the deputy sheriff's affidavit, demanded the court's finding that service was proper, a finding which we will not disturb; hence, the court correctly allowed the defect to be cured. It therefore follows that the court cannot be said to have lacked jurisdiction.

The statement of law that "[i]f there has been in fact service and . . . a void return, no default judgment should be entered" is inapposite for, in the case before us, the return was not "void" but merely voidable, or defective. *Jones v. Bibb Brick Co.,* 120 Ga. 321 (2) (48 SE 25) (1904). As the Supreme Court explained, if "there is an entire

absence of a return, or if the return made is void because showing service upon the wrong person, or at a time, place, or in a manner not provided by law, the court cannot proceed." Id., p. 324. However, if "the fact of service appears, and the officer's return is irregular or incomplete, it should not be treated as no evidence, but rather as furnishing defective proof of the fact of service. The irregularity may be cured by an amendment which does not make or state a new fact, but merely supplies an omission in the statement as to an existing fact. . . If there has been service and a voidable or defective return, it may be amended even after judgment, so as to save that which has been done under service valid in fact but incompletely reported to the court." Id., pp. 324-325. In light of the conclusive showing that service had been perfected, the court properly allowed the return to be amended so that the deputy sheriff's inadvertent omission of his signature might be remedied and so that the record would reflect that the court had acquired personal jurisdiction. See *Jones,* supra, at (1); CPA § 4 (h) (Code Ann. § 81A-104 (h)).

5. Code § 67-704 provides, in part: "If the defendant fails to answer, the court shall grant a writ of possession and, *if otherwise permitted by this Chapter,* the plaintiff shall be entitled to a verdict and judgment by default for all of the amount due, together with costs, in open court or chambers, as if every item and paragraph of the affidavit provided for in section 67-702 were supported by proper evidence without the intervention of a jury." (Emphasis supplied.) Therefore, since appellant failed to answer, the court properly granted the writ of possession. However, as nowhere in the chapter is there an applicable provision allowing a "judgment by default for all of the amount due, together with costs," we must reverse that part of the judgment awarding the amount allegedly due plus costs. *Wallace v. Aetna Fin. Co.,* 137 Ga. App. 580 (224 SE2d 517) (1976). Code § 67-717 deals with petitions for *immediate* writ of possession and is inapplicable to this proceeding dealing with a petition for a writ of possession under Code § 67-702.

6. Finally, appellant contends that, since he filed defensive pleadings and paid costs within fifteen days of

the August 13 judgment, the trial court should have granted his motion to set aside the writ of possession. Appellant relies upon CPA § 55 (a) for this contention; however, his reliance is misplaced, and his contention is meritless. "The provisions of Section 55 (a) of the Civil Practice Act relate to those cases where no judgment has been entered. Section 40 of the Civil Practice Act (Code Ann. § 81A-140) provides: 'All civil cases, including divorce and other domestic relations cases, shall be triable any time after the last day upon which defensive pleadings were required to be filed therein. . .' No defensive pleadings were timely filed by the appellant, the case was ripe for trial, and no right existed after judgment to have such judgment set aside by the payment of costs and the filing of defensive pleadings." *Hill v. Hill,* 234 Ga. 836, 837 (218 SE2d 619) (1975). As we indicated in Division 4, because appellant did not file defensive pleadings until twelve days subsequent to the lapse of the thirty-day time period within which the summons required an answer, he cannot complain that the court prematurely tried the case and entered judgment.

*Judgment affirmed in part and reversed in part. Bell, C. J., and McMurray, J., concur.*

SUBMITTED OCTOBER 31, 1977 — DECIDED JANUARY 30, 1978.

*Larry Fowler, Charles Brown,* for appellant.
*Stanley R. Lawson,* for appellees.