## 56062. HARVEY v. HARVEY.

BANKE, Judge.

This is an appeal from an order denying the third-party defendant's motion to quash service. The third-party defendant alleged that, contrary to what was stated in the return of service, she had not been personally served but rather had found the summons stuck in her door. She contended further that since she was a minor (and her mother was deceased) service was ineffective because it had not been accomplished on her father as guardian.

At a hearing on the matter, the third-party defendant testified that she had been married formerly, but was single and a minor at the time of service. The deputy sheriff who executed the return of service testified that he had no recollection of this particular incident but that he believed he would not have signed a personal return of service if in fact he had not made personal service.

The third-party defendant's motion was denied, a certificate for immediate review was executed, and we granted her application for interlocutory appeal. *Held:*

1. The return of service in this case constitutes a prima facie showing that personal service was accomplished on the third-party defendant. However, the critical question is the fact of service and not the nature of the return. *Hickey v. Merrit,* 128 Ga. App. 764 (197 SE2d 833) (1974). This factual question was resolved by the trial judge in favor of the defendant-third-party plaintiff, and we will not interfere with his finding as there is some evidence to support it.

2. However, the record reveals that the father of the third-party defendant was never served with a copy of the third-party complaint and summons in his official capacity as father and natural guardian, nor was a guardian ad litem ever appointed. Our statute provides that a minor must be served personally, and his father,

mother, guardian, or duly-appointed guardian ad litem must be served as well, "unless such minor *is* married." CPA § 4 (d) (3) (Code Ann. § 81A-104 (d) (3)). (Emphasis supplied.) Strict compliance with this statutory requisite is essential for service of process to be perfected properly upon a minor. *Lanier v. Foster,* 133 Ga. App. 149 (210 SE2d 326) (1974). Neither the fact that this third-party defendant had been married previously nor the fact that her father was also the plaintiff in the case validated the purported service. The failure to comply strictly with the statutory provision renders the service invalid and required reversal.

*Judgment reversed. Deen, P. J., and Smith, J., concur.*

ARGUED JUNE 6, 1978 — DECIDED SEPTEMBER 11, 1978.

*Martin L. Fierman,* for appellant.
*William E. Otwell,* for appellee.