57824. COOK v. BRIGHT et al.

UNDERWOOD, Judge.

This is an appeal from an order setting aside a judgment entered pursuant to default against Dave Bright, his motion to set aside alleging that he had not been legally served with process. It was the opinion of the trial court that the return made by the serving officer showed on its face such defective service as to render the judgment predicated thereon subject to motion to set aside

pursuant to CPA § 60 (d) (Code Ann. § 81A-160 (d)). We affirm.

The principal sum involved was $3,946, and accordingly under CPA § 4 (d) (7) (Code Ann. § 81A-104 (d) (7)) service was required to be made personally upon defendant or by leaving a copy at his residence "with some person of suitable age and discretion then residing therein . . ." *Fain v. Hutto,* 236 Ga. 915 (225 SE2d 893) (1976); *DeJarnette Supply Co. v. F. P. Plaza, Inc.,* 229 Ga. 625 (193 SE2d 852) (1972). See also *Womble v. Commercial Credit Corp.,* 231 Ga. 569 (203 SE2d 204) (1974).

"This court has strictly construed the provisions of this Code section, and rightfully so, since notice is the very bedrock of due process." *Thompson v. Lagerquist,* 232 Ga. 75, 76 (205 SE2d 267) (1974). We cannot, with assurance, hold those requirements satisfied by the service as returned here: "I have this day served the defendant Dave Bright . . . by leaving a copy of the action and summons at his most notorious place of abode in this county. Delivered same into hands of . . . [inserted by officer] inmate — looked out window."

While appellant cites a line of cases holding that a return which, while incomplete in some respect, nevertheless is good as against motion to set aside if it "prima facie shows facts essential to give the court jurisdiction over the defendant" (*Rielly v. Crook,* 112 Ga. App. 334, 336 (145 SE2d 110) (1965); accord, *Jones v. Bibb Brick Co.,* 120 Ga. 321 (48 SE 25) (1904); *Hayes v. American Bankers' Ins. Co.,* 46 Ga. App. 552 (167 SE 731) (1932)), we doubt that the facts here are comparable. In any event those cases, while perhaps still viable with reference to the standards applicable to a prima facie showing of good service (see *Harvey v. Harvey,* 147 Ga. App. 154 (248 SE2d 214) (1978)), do not control this disposition on motion to set aside since they turned upon requirements peculiar to pre-1974 motions to set aside — "[a] judgment may not be arrested or set aside for any defect in the pleadings or record that is aided by verdict or amendable as matter of form" (Code § 110-705, Code of 1933), and the motion would lie only to reach a "defect not amendable which appears on the face of the record or

pleadings." Code § 110-702, Code of 1933. These provisions were substantially carried forward in CPA § 60 (d) (Code Ann. § 81A-160 (d)).

Under the 1974 amendment to the Civil Practice Act, however, "[a] motion to set aside . . . shall also lie to attack a judgment based upon lack of jurisdiction over the person or subject matter, *regardless of whether such lack of jurisdiction appears upon the face of the record or pleadings.*" Ga. L. 1974, p. 1138, amending CPA § 60 (d) (Code Ann. § 81A-160 (d)). (Emphasis supplied.) As we said in *Allen v. Alston,* 141 Ga. App. 572, 573 (1) (234 SE2d 152) (1977): "We are not concerned with the fact that the pleading designated a motion to set aside is not based on a nonamendable defect appearing of record . . . [U]nder the amendment to Code § 81A-160 (d) (Ga. L. 1974, p. 1138) a motion to set aside a judgment may be 'based upon lack of jurisdiction over the person or subject matter, regardless of whether such lack of jurisdiction appears upon the face of the record or pleadings.' Lack of jurisdiction of the person usually arises from one of two defects: invalidity of service or faulty venue. (Citation omitted.) Either may or may not appear on the face of the record; for purposes of a motion [to set aside] it does not now matter which situation obtains."

It is thus clear that, under the old "face-of-the-record" cases exemplified by *Jones v. Bibb Brick, Co.,* 120 Ga. 321, supra, a return of service as it appears on the face of the record, and as aided by interpretations favorable to the finality of judgments, might be sufficient on its face so as to compel the denial of the motion to set aside, whereas after the 1974 amendment it is permissible to go behind the face of the record. For that reason *Bibb Brick Co.* and similar cases no longer control. For service-of-process cases departing from the "face-of-the-record" rule see *Thompson v. Lagerquist,* 232 Ga. 75, supra, construing the "sworn pleadings and uncontradicted evidence;" *Thoni Oil Co. v. Tinsley,* 140 Ga. App. 887, 888 (232 SE2d 162) (1977), decided upon "uncontradicted affidavits;" *Davis v. Jeep Corp.,* 138 Ga. App. 805 (2) (227 SE2d 455) (1976), adjudicating service as "shown by the evidence" consisting of "the pleadings and certain affidavits and a deposition;" *Mahone v.*

*Marshall Furniture Co.,* 142 Ga. App. 242 (235 SE2d 672) (1977), adjudicating service upon affidavit and testimony at the hearing; *Glass v. Byrom,* 146 Ga. App. 1 (245 SE2d 345) (1978), decided upon defendant's testimony, which "evidence demands" a finding of insufficient service; *Williams v. Mells,* 138 Ga. App. 60, 61 (225 SE2d 501) (1976), upholding a "resolution of the conflict in the evidence by the trial court;" *Harvey v. Harvey,* 147 Ga. App. 154 (248 SE2d 214) (1978), reviewing a "factual question . . . resolved by the trial judge . . . [with which] we will not interfere . . . as there is some evidence to support it." See also *Holloway v. Frey,* 130 Ga. App. 224 (202 SE2d 845) (1973). The abolition of the "face-of-the-record" rule in this regard seems consistent with CPA § 4 (g) (Code Ann. § 81A-104 (g)) providing that "[f]ailure to make proof of service shall not affect the validity of the service," and § 4 (h) (Code Ann. § 81A-104 (h)) providing for amendment of process and proof of service.

The testimony of the officer here, as summarized by the court, was that "he and his partner had had this paper for at least two weeks, had repeatedly gone to Mr. Bright's residence, where they knew he lived, because they had served other papers there before, and on the day in question they saw cars in the driveway and when they knocked on the door someone appeared at the window, but would not come to the door, and they knew someone was in the house, and he therefore put the summons in the front door and wrote up his return as indicated above."

It thus appears that the summons was left in the door rather than with "some person of suitable age and discretion then residing therein . . .;" and while the result might be different had this "inmate" been identified as the defendant himself and had been "[s]een from the window, talked to through door, refused to open" (*Hickey v. Merrit,* 128 Ga. App. 764 (197 SE2d 833) (1973)), that is not the case here. Service "into hands of door" is insufficient. *Fain v. Hutto,* 236 Ga. 915, supra.

Whether or not Bright knew of the suit is irrelevant in this situation (*Collins v. Peacock,* 147 Ga. App. 424, 427 (2) (249 SE2d 142) (1978); *Morgan v. Pacific Finance Co.,* 142 Ga. App. 342 (236 SE2d 28) (1977); *Abrams v. Abrams,* 239 Ga. 866 (239 SE2d 33) (1977)), and the

judgment pursuant to default "is absolutely void." *DeJarnette Supply Co. v. F. P. Plaza, Inc.* 229 Ga. 625, 626, supra.[1] Consequently the trial court did not err in setting it aside.

*Judgment affirmed. McMurray, P. J., and Banke, J., concur.*

SUBMITTED MAY 3, 1979 — DECIDED JULY 12, 1979.

*Pye, Groover & Dailey, Durwood T. Pye,* for appellant.
*Glenville Haldi,* for appellees.

---

[1] "[A] defendant who defaults waives his objections to venue and lack of personal jurisdiction. Defects in service, however, are not waived, even when the defendant receives actual notice of the lawsuit." Ellington, Unraveling Waiver by Default, 12 Ga. L. Rev. 181 (1978).