59529. MONTGOMERY v. USS AGRI-CHEMICAL DIVISION.

SMITH, Judge.

A judgment by default was entered against appellant on November 20, 1969. On November 6, 1979, appellant filed a motion to set aside the judgment, asserting that the trial court lacked jurisdiction over the person. The trial court denied the motion. Appellant raises two enumerations of error: 1) "[t]hat the court erred when it, rather than a jury, considered and decided the issue of fact as submitted by the conflicting evidence of affidavits" and 2) "[t]hat

the court erred when it allowed the original return of service dated September 27, 1969 to be amended." We affirm.

1. Appellant was not entitled to a jury trial on the motion to set aside for lack of jurisdiction over the person. "Jurisdiction is a question for the court . . ." *Thompson v. State,* 47 Ga. App. 229 (170 SE 328) (1933).

"A preliminary hearing over defenses of lack of jurisdiction over the person or subject matter and improper venue whether made in a pleading or by motion may be heard and determined before trial on the application of any party. See Code Ann. § 81A-112 (d) (Ga. L. 1966, pp. 609, 622; 1967, pp. 226, 231; 1968, pp. 1104, 1106; 1972, pp. 689, 692, 693). At such hearing factual issues shall be determined by the trial court. See *Hatcher v. Hatcher,* 229 Ga. 249, 250 (190 SE2d 533); *Watts v. Kegler,* 133 Ga. App. 231 (211 SE2d 177); *Rainwater v. Vazquez,* 135 Ga. App. 463, 464 (1) (218 SE2d 108)." *Marvin L. Walker & Assoc. v. A. L. Buschman, Inc.,* 147 Ga. App. 851, 852-853 (250 SE2d 532) (1978). There is no reason why the same type of factual determination should not be made by the trial court in a motion to set aside. "When a *motion* is based on facts not appearing of record *the court may hear the matter* on affidavits presented by the respective parties . . ." (Emphasis supplied.) CPA § 43(b) (Code Ann. § 81A-143(b)). "[T]he word 'hearing' as contained in our Civil Practice Act is limited in its context to court hearings on motions." *Knowles v. Knowles,* 125 Ga. App. 642, 646 (188 SE2d 800) (1972).

2. Appellant moved to set aside the default judgment "on the ground that this Court lacks jurisdiction over the person of the defendant as appears more fully on the records and in the affidavit(s) attached hereto." Appellant contends that the original return of service establishes the lack of personal jurisdiction and that the trial court erred in ordering nunc pro tunc an amendment to the original return. In support of this contention, appellant cites *Jones v. Bibb Brick Co.,* 120 Ga. 321 (48 SE 25) (1904), and *Spencer v. Taylor,* 144 Ga. App. 641, 644 (242 SE2d 308) (1978).

The original return of service states: "I have this day served the defendant Willie Montgomery with a true copy of the within petition and process by leaving same at wife residence. This 27th day of September, 1969." The amended return provides: "I have this day served the defendant, Willie Montgomery, with a true copy of the within petition and process by leaving the same at his dwelling house with his wife, Evie Montgomery, who resided therein. This 27th day of September, 1969."

The affidavits submitted by appellant in support of his motion to set aside establish that on the date of the alleged service, appellant and his wife both "resided in a house on a farm owned by Ila Van

Hanson on the Old Quitman Highway in Cook County, Georgia." Appellant's wife's affidavit states that "she never received, accepted, or later found any pleadings, process or other documents pertaining to the above stated case."

In response to the affidavits submitted by appellant, appellee submitted the affidavit of Melvin Simmons, which states: "1) That on September 27, 1969, affiant was a duly appointed and acting Deputy for the Sheriff of Cook County, Georgia. 2) That on said date he was given copies of a suit and summons to be served on Willie Montgomery in case No. 7506, the plaintiff being USS AGRI-CHEMICALS DIVISION OF UNITED STATES STEEL CORPORATION, Successor to Armour Agricultural Chemical Company. 3) That he well remembers serving said papers, and he served the same by handing them to the wife of Mr. Montgomery at their home which was located Southwest of Adel, Georgia, in Cook County. 4) Affiant recalls that Mr. Montgomery was not at home but Mrs. Montgomery was, and he recalls discussing with her about a bunch of pigs which were on the premises. Affiant is certain that he did so give the papers in question to Mrs. Montgomery, and he has no hesitancy in so swearing."

In *Jones v. Bibb Brick Co.,* supra, the Georgia Supreme Court held: "If there is an entire absence of a return, or if the return made is void because showing service upon the wrong person, or at a time, place, or in a manner not provided by law, the court can not proceed. *Callaway v. Douglasville College,* 99 Ga. 623. If, however, the fact of service appears, and the officer's return is irregular or incomplete, it should not be treated as no evidence, but rather as furnishing defective proof of the fact of service. The irregularity may be cured by an amendment which does not make or state a new fact, but merely supplies an omission in the statement as to an existing fact. Where there has been valid service and no return, the deficiency may be supplied before taking further steps in the cause. If there has been service and a voidable or defective return, it may be amended even after judgment, so as to save that which has been done under service valid in fact but incompletely reported to the court. For in its last analysis it is the fact of the service, rather than the proof thereon by the return, which is of vital importance. Ordinarily service is either good or bad. But process and return existing in writing may vary between void, voidable, and perfect. If either is void, the judgment predicated solely thereon is a nullity." Id. at 324, 325.

In our view, the resolution of the instant case is not dependent upon an application of the distinction between a "void" and "voidable" return of service. See *Roberts v. Roberts,* 226 Ga. 203, 205 (173 SE2d 675) (1970). Such an approach runs contrary to the well

settled rule that "the critical question is the fact of service and not the nature of the return. *Hickey v. Merrit,* 128 Ga. App. 764 (197 SE2d 833) (1974)." *Harvey v. Harvey,* 147 Ga. App. 154 (248 SE2d 214) (1978); *Jones v. Bibb Brick Co.,* supra at 325. More important, such an approach cannot be reconciled with the Civil Practice Act. Under CPA § 4(g) (Code Ann. § 81A-104(g)) and CPA § 5(b) (Code Ann. § 81A-105(b)), "[f]ailure to make proof of service shall not affect the validity of service." See *Olvey v. C. & S. Bank,* 146 Ga. App. 484 (246 SE2d 485) (1978). "*At any time* in its discretion and upon such terms as it deems just, the court may allow any process or proof of service thereof to be amended, unless it clearly appears that material prejudice would result to the substantial rights of the party against whom the process issued." (Emphasis supplied.) CPA § 4(h) (Code Ann. § 81A-104(h)). It is apparent that, under the Civil Practice Act, what has formerly been characterized as a "void" return of service is not fatal to the validity of a judgment rendered under proper service, even if such judgment arises by default.[1] As stated in John Hancock Mut. Life Ins. Co. v. Gooley, 196 Wash. 357, 363 (83 P2d 221) (1938): "The original affidavit of service was clearly defective. It was, however, proper to permit the filing of an amended return of service, as the actual facts control, and if jurisdiction was actually acquired over the persons of the defendants, that fact should govern. [Cit.] It is the fact of service which confers jurisdiction, and not the return, and the latter may be amended to speak the truth. [Cit.]" See 2 Moore's Federal Practice, ¶ 4.44. Thus, notwithstanding recitations of pre-CPA law in *Spencer v. Taylor,* supra, *Olvey v. C. & S. Bank,* supra, and *Greene v. First Lease, Inc.,* 152 Ga. App. 605 (263 SE2d 483) (1979), and dicta to the contrary in *Daniel & Daniel, Inc. v. Stewart Bro., Inc.,* 139 Ga. App. 372, 376 (228 SE2d 586) (1976), the return of service in the instant case could be amended to speak the truth.

The affidavits submitted on the motion to set aside, although conflicting on the question of service, provided ample evidence upon which the trial court could have found valid service. *Harvey v. Harvey,* supra. The amendment to the return of service was merely reflective of the trial court's finding, and the nunc pro tunc order

---

[1]This is not to say that the trial court should proceed to judgment without an affirmative showing of service in the record. *Jones v. Bibb Brick Co.,* supra at 324. However, if the court does so proceed and upon a subsequent challenge to the judgment it appears to the satisfaction of the court that proper service was in fact made, the original return may be amended or, if no return exists, it may be supplied "so as to save that which has been done under service valid in fact . . ." *Jones v. Bibb Brick Co.,* supra at 325.

authoring the amendment was not erroneous.
*Judgment affirmed. McMurray, P. J., and Banke, J., concur.*

SUBMITTED MARCH 11, 1980 — DECIDED JULY 7, 1980.

*M. Dale English,* for appellant.
*Virgil Griffis,* for appellee.