62632. ATTWELL et al. v. HERITAGE BANK MT.
PLEASANT.

</div>

POPE, Judge.
Appellee bank brought this action against appellants in the State Court of Fulton County to recover $2,058.87 plus interest and attorney fees. By special appearance appellants moved to set aside the return of service and dismiss the action. The record shows that the Calendar Clerk for the court issued a rule nisi which set a hearing on appellants' motion. Appellants, again by special appearance, moved to strike the rule nisi. Following a hearing the trial court denied both of appellants' motions.

1. Appellants challenge the authority of the Calendar Clerk to issue a rule nisi, contending that the rules of the State Court of Fulton County authorize only a judge of that court to set a matter for hearing. "These rules are not set out anywhere in the record ... We cannot take judicial cognizance of the content of these [local] rules and we must, therefore, presume that the trial court properly interpreted and applied its own rules insofar as they affect the judgment appealed from." *Harris v. Harris,* 228 Ga. 562, 563 (187 SE2d 139) (1972); *Auerback v. Maslia,* 142 Ga. App. 184 (4) (235 SE2d 594) (1977).

2. The record indicates that appellants have not filed an answer to the complaint and that a default judgment has been entered against them; the judgment was entered approximately two weeks after the trial court denied appellants' motion challenging the sufficiency of the service of process. Appellants contend on appeal that the default judgment is void because there has been no service of process as required by law.

The return of service in this case shows that appellants were served by having had a copy of the action and summons left at their most notorious place of abode in Fulton County and that the same was delivered into the hands of "refused door, peeped out peephole." Since this case involves more than $200.00, the Civil Practice Act

requires that service be made by delivering a copy of the summons attached to the complaint to appellants (husband and wife) ". . . personally, or by leaving copies thereof at [their] dwelling house or usual place of abode with some person of suitable age and discretion then residing therein . . ." Code Ann. § 81A-104 (d) (7). "Service 'into hands of door' is insufficient. *Fain v. Hutto,* 236 Ga. 915 [(1) (225 SE2d 893) (1976)]." *Cook v. Bright,* 150 Ga. App. 696, 699 (258 SE2d 326) (1979).

Prior to issuing his order denying appellants' motion to dismiss, the trial court heard evidence presented by both parties. However, a transcript of that hearing is not included as a part of the record on appeal. Appellants argue that a transcript is not necessary in this case because the error appears on the face of the pleadings. We disagree.

A motion challenging the sufficiency of service of process may be heard and determined by the court before trial on application of any party. Code Ann. § 81A-112 (d). All parties may present evidence at such a hearing, and factual issues shall be determined by the trial court. *Durdin v. Taylor,* 159 Ga. App. 675 (285 SE2d 51) (1981); *Burnett v. Hope,* 124 Ga. App. 273 (2) (183 SE2d 505) (1971). "A return of service entered upon a declaration is not conclusive as to the facts therein recited." *Denham v. Jones,* 96 Ga. 130, 132 (23 SE 78) (1895). "The critical question is the fact of service and not the nature of the return." *Hickey v. Merrit,* 128 Ga. App. 764, 766 (197 SE2d 833) (1973). See generally *Montgomery v. USS Agri-Chemical Div.,* 155 Ga. App. 189 (2) (270 SE2d 362) (1980).

The return of service in this case, when considered alone, indicates that the complaint and summons may have simply been left in the door of the Attwell residence. Nevertheless, after hearing evidence presented by all parties, the trial court concluded that service was sufficient. Cf. *Montgomery v. USS Agri-Chemical Div.,* supra; *Hickey v. Merrit,* supra. There is a presumption that the judgment below was correct, and appellants have the burden in asserting error to show it by the record. *Wetherington v. Koepenick & Horne, Inc.,* 153 Ga. App. 302 (2) (265 SE2d 107) (1980). Lacking a transcript of the evidence considered by the trial court in this case, we must presume that he correctly ruled on the issues presented. *Glass v. Glass,* 242 Ga. 736 (251 SE2d 298) (1978); *Hendrix v. Clare Development Corp.,* 142 Ga. App. 6 (234 SE2d 861) (1977).

*Judgment affirmed. Quillian, C. J., and McMurray, P. J., concur.*

DECIDED JANUARY 11, 1982 —
REHEARING DENIED FEBRUARY 8, 1982 —

Joseph J. Attwell, *pro se.*
*Arthur Gregory,* for appellee.