## 66266. STEELE v. BANK OF DALTON.

POPE, Judge.

Appellee bank commenced foreclosure upon a security interest granted by appellant, Calvin C. Steele, in a 1978 Mercury Cougar. Appellee filed "petition to foreclose" proceedings in the Catoosa County Superior Court. The petition prayed that appellant Steele be required to show cause why foreclosure on said property should not be commenced and that a rule nisi issue requiring appellant to show cause at a time and place certain why the prayers of the petition should not be granted. The rule nisi prayed for was granted, and the hearing date was set for August 4, 1982. In addition to the rule nisi order, a summons was attached to the petition and all three papers were served upon appellant on July 16, 1982. The summons commanded appellant to answer the complaint within 30 days and stated that if he failed to do so, judgment by default would be entered against him. Appellant failed to appear at the rule nisi hearing; therefore, the trial court issued an order directing the sheriff of Catoosa County to foreclose, levy on and sell appellant's property. It was not until September 3, 1982 that appellant filed a motion to set aside the judgment entered on August 4, 1982. That motion was denied and appellant now brings this appeal.

Appellant's sole enumeration of error contends that the trial court erred in dismissing his motion to set aside the judgment because a nonamendable defect appears on the face of the record. Appellant actually alleges two defects: (1) that the summons requiring him to answer within 30 days and the rule nisi order requiring him to appear at a time prior to the expiration of the 30-day period were contradictory and confusing and (2) that the judgment was premature and thus void because it was rendered before the expiration of the 30 days.

Actions by secured creditors to foreclose upon a security interest in personal property are controlled by OCGA §§ 44-14-230 through 241 (Code Ann. §§ 67-701—67-708, 67-1001—67-1004). According to OCGA § 44-14-232(b) (Code Ann. § 67-703), "[t]he summons served on the defendant . . . shall command and require the defendant to appear at a hearing on a day certain fixed by the judge . . . which day shall not be less than seven days from the date the summons was served." In this case the hearing was set for August 4, 1982, which was a date 19 days subsequent to the date summons was served. Appellant did not appear or answer prior to the date of the hearing; consequently, the trial court properly granted the writ of possession. OCGA § 44-14-233 (Code Ann. § 67-704); *Spencer v. Taylor,* 144 Ga. App. 641 (3) (242 SE2d 308) (1978).

Furthermore, OCGA § 44-14-233 (Code Ann. § 67-704) provides: "If the defendant fails to answer on or before the date of the hearing, the defendant may reopen the default as a matter of right by making an answer within seven days after the date of the default. . . ." However, in this case appellant made no attempt to file an answer until thirty days after the date of the hearing. "Since appellant did not answer until [forty-nine] days subsequent to the service of summons, . . . he [cannot now] complain that the court's action was premature to the lapse of the thirty-day time period within which the summons itself required appellant to answer." *Spencer v. Taylor,* supra at 643.

*Judgment affirmed. Quillian, P. J., and Sognier, J., concur.*

DECIDED SEPTEMBER 8, 1983 —
REHEARING DENIED SEPTEMBER 29, 1983.

*John Riemer, Carol F. Baschon, Charles M. Baird, William J. Cobb,* for appellant.
*Maurice Sponcler, Jr., Timothy H. Allred,* for appellee.

ON MOTION FOR REHEARING.

Appellant argues that the court's reliance on *Spencer v. Taylor,*

144 Ga. App. 641 (3) (242 SE2d 308) (1978), is misplaced in light of the 1978 amendment to OCGA § 44-14-233 (Code Ann. § 67-704) providing that a defendant may reopen default as a matter of right within seven days of the original default. Appellant contends that the judgment entered by the trial court within this seven-day period is void. We do not agree.

The judgment was entered prematurely; the trial court should have waited until after the seven-day period following the original default on August 4 had passed. The judgment so entered was voidable during that seven-day period and could have been set aside had appellant filed an answer. However, appellant filed no answer or other pleadings until thirty days after the hearing. Therefore, the motion to set aside the judgment came too late. See *Rigdon v. Roberts Ins. Agency,* 116 Ga. App. 508 (2) (157 SE2d 827) (1967); *Parker v. Branan,* 108 Ga. App. 229 (2, 3) (132 SE2d 556) (1963).

*Motion for rehearing denied.*