### A97A1438. JACOBSON v. GARLAND.
(487 SE2d 640)

ELDRIDGE, Judge.

This case is an action brought by the appellee to enforce a guaranty agreement against the appellant. The appellant is a resident of Seminole County, Florida. However, since the guaranty agreement was executed in Dalton, Whitfield County, Georgia, the appellee elected to file suit in the superior court of such county and serve the appellant under the Georgia Long Arm Statute, OCGA § 9-10-91 et seq.

The appellee initially attempted service on the appellant while he was in attendance at a hearing in the United States Bankruptcy Court, Middle District of Georgia, Macon Division. However, such service was later quashed by order of the trial court. The appellee subsequently attempted service by substituted service upon the appellant's wife at their home in Seminole County, Florida. The appellant timely answered and attacked such substituted service by a motion to dismiss and motion to quash return of service. The lower court denied said motions by order filed of record July 3, 1996.

A non-jury trial was conducted by the parties on December 6, 1996, wherein the trial court entered a final judgment in favor of the appellee in the principal sum of $258,333.23, accrued interest in the amount of $33,870.66, costs of suit, and interest on said judgment. The appellant has appealed from the entry of this judgment.

1. The appellant, in his first enumeration of error, contends that the lower court erred by denying the appellant's motion to dismiss and motion to quash service as the appellee did not obtain proper service of the appellant by substituted service upon his wife, Angela Jacobson, in the State of Florida.

Under the Georgia Long Arm Statute, "[a] person subject to the jurisdiction of the courts of the state under Code Section 9-10-91 . . . may be served with a summons outside the state in the same manner as service is made within the state by any person authorized to make service by the laws of the state . . . in which service is made or by any duly qualified attorney, solicitor, barrister, or the equivalent in such jurisdiction." OCGA § 9-10-94; see also *Samay v. Son*, 213 Ga. App. 812 (446 SE2d 230) (1994). Under the facts of the case sub judice, the two methods of service in Georgia are to either serve the defendant personally or to leave "copies thereof at his dwelling house or usual place of abode with some person of suitable age and discre-

tion then residing therein." OCGA § 9-11-4 (d) (7).

In the case sub judice, an entry of service signed by Timothy E. Lynch, who is a special process server appointed to serve process in cases filed within the Eighteenth Judicial Circuit of Florida, which includes Seminole County, was filed with the court on December 22, 1995. Such entry of service stated that Lynch had served the appellant by substitute service at his principal place of abode on December 14, 1995, at 9:29 a.m., by leaving a copy of the complaint and summons with Mrs. Jacobson, the appellant's wife. The appellant contends that this substitute service was insufficient because the copies were not placed into the hands of his wife, but were left on the ground outside the door. In support of his motion to dismiss and motion to quash service, the only evidence the appellant submitted was the affidavit of his wife, Angela Jacobson.

In her affidavit, Mrs. Jacobson stated that she resided at 545 Julie Lane, Winter Springs, Florida; that on Wednesday, December 13, 1995, she was at her home when around 10:00 a.m., the telephone rang; that she answered and the caller stated that he was calling from the intercom by the front gate of her home and asked to see the appellant; that she replied the appellant was not home and hung up; that the phone rang again and she did not answer it, but her son, who had been asleep, woke up and, instead of answering the call, hit the code buttons which caused the front gate to open; that the dog, which was outside began barking, and she went to the door; that when she opened the door a man was standing there with "some papers in his hand," and asked if she was Mr. Jacobson's wife; that she informed the man that he was trespassing, and he should get off their property, and closed the door; that later in the day, she opened the door and picked up the papers, which had been left on the ground; and that these papers consisted of the summons and complaint in the case sub judice.

In response to the appellant's motion, the appellee submitted as evidence the affidavit of Lynch. Lynch stated that on December 14, 1995, at 9:29 a.m., he visited the residence located at 545 Julie Lane, Winter Springs, Florida; that he used the intercom by the front gates to call the house; that a person answered and identified herself as Angela Jacobson, wife of the appellant; that Mrs. Jacobson verified that the residence was the principal place of abode for both her and her husband; that he informed Mrs. Jacobson that he was in possession of and desired to serve the appellant with process issued by the Superior Court of Whitfield County, Georgia, in Civil Action No. 58,780-2; that Mrs. Jacobson informed him that the appellant was not there and disconnected the telephone; that he attempted to use the intercom again to contact the residence when the gate opened; that he traveled to the front door of the residence, but before he was

able to knock, a female opened the door, whom he recognized to be Angela Jacobson from earlier services on both her and the appellant; that he informed Mrs. Jacobson that he was serving papers upon her; that Mrs. Jacobson told him he was trespassing and to immediately get off their property and closed the door; that he immediately declared in a voice sufficiently loud enough to be heard through the door that he was leaving the process papers at the front door; and that he placed the same at the foot of the door and left the premises.

"It is the duty of a defendant to accept and submit to the service of process when he is aware of the process server's purpose. [Cits.]" *Hickey v. Merrit*, 128 Ga. App. 764, 768 (197 SE2d 833) (1973) (Eberhardt, P. J., concurring). "It is generally held that if the process server and the defendant are within speaking distance of each other, and such action is taken as to convince a reasonable person that personal service is being attempted, service cannot be avoided by physically refusing to accept the summons." (Citations and punctuation omitted.) Id. at 767.[1] This rule would apply to substituted service as well. See 87 ALR2d 1163, § 3 (1963); *Edward Hines Lumber Co. v. Smith*, 172 NE2d 429 (Ill. App. 1961).

Lynch properly served the appellant by his valid substituted service on Mrs. Jacobson. Mrs. Jacobson was of suitable age and discretion, and resided at the appellant's residence. Lynch informed Mrs. Jacobson in a face-to-face conversation at the appellant's residence that he was serving process on her. Mrs. Jacobson closed the front door on Lynch, which prevented him from physically handing her the process papers. Lynch declared in a voice loud enough to be heard through the door that he was leaving the papers at the foot of the door. Lynch's statements would convince a reasonable person that service was being attempted, so Mrs. Jacobson could not avoid service by refusing to physically accept the process papers. It was reasonably probable, based on Lynch's actions, that the appellant would actually receive the notice of the action against him.

"Where a defendant claims there was a failure of service, the trial court has the authority to decide as a factual matter whether service has occurred. OCGA § 9-11-12 (d). This finding will not be disturbed as long as there is 'some evidence to support' it. Further,

---

[1] The facts of the case sub judice are sufficiently different from those found in *Fain v. Hutto*, 236 Ga. 915 (225 SE2d 893) (1976), and *Cook v. Bright*, 150 Ga. App. 696 (258 SE2d 326) (1979), which are cited by the appellant in support of his assertion that the substituted service was invalid. In both *Fain* and *Cook*, the process server did not communicate with either the defendant or a person of suitable age and discretion who resided at the defendant's place of abode; indicate that he was there to serve process; have service refused; and then, after informing the individual in a voice loud enough to be heard that he was leaving process at the door, leave the complaint at the door. Therefore, such cases are not controlling.

when a defendant in a lawsuit challenges the sufficiency of service, he bears the burden of showing improper service. The process server's return of service can only be set aside upon evidence which is not only clear and convincing, but the strongest of which the nature of the case will admit." (Citations and punctuation omitted.) *Oden v. Legacy Ford-Mercury*, 222 Ga. App. 666, 667-668 (476 SE2d 43) (1996). The appellant failed to carry his burden of showing improper service, and the trial court was correct in denying the appellant's motion to dismiss and motion to quash return of service.

2. This Court, having found there was sufficient service of process on the appellant in Division 1, finds that the appellant's second enumeration of error is rendered moot.

*Judgment affirmed. Birdsong, P. J., and Ruffin, J., concur.*

DECIDED JUNE 9, 1997 —
RECONSIDERATION DENIED JUNE 26, 1997 — ▮▮▮▮▮

*Avrett, Ponder & Withrock, John T. Avrett, William B. Barnwell*, for appellant.

*McCamy, Phillips, Tuggle & Fordham, Charles L. Daniel III*, for appellee.