**CRB, Appellant (Respondent),**

**v.**

**STATE of Wyoming, DEPARTMENT OF FAMILY SERVICES; State of Wyoming, ex rel., Unborn S, minor child, Appellees (Petitioners), and LS, Appellee (Respondent).**

No. C–98–5.

Supreme Court of Wyoming.

Feb. 25, 1999.

G. Kevin Keller, Cheyenne, WY, Representing Appellant.

Gay Woodhouse, Attorney General; Michael L. Hubbard, Deputy Attorney General; Harry D. Ivey, Assistant Attorney General. Argument by Mr. Ivey, Representing Appellee State of Wyoming.

Alexander K. Davison and Peter C. Nicolaysen, Patton & Davison, Cheyenne, WY.

Argument by Mr. Nicolaysen, Representing Appellee LS.

Before LEHMAN, C.J., and THOMAS, MACY, GOLDEN, and HILL, JJ.

HILL, Justice.

Appellant CRB appeals from an order of the district court determining paternity and setting child support payments. Appellant challenges the efficacy of the service of process and the service of a notice to appear on his attorney.

We affirm.

## ISSUES

CRB presents two issues for our consideration:

I. The trial court erred in entering judgment against the Appellant after he failed to appear at a hearing for which he was never served with notice of such hearing.

II. The trial court erred in determining that jurisdiction exists when service of process is not performed in accordance with the Wyoming Rules of Civil Procedure.

Appellee Department of Family Services (DFS) rephrases the issues thus:

I. Whether proper service occurred where Appellant attempted to avoid service by refusing to open his apartment door and where the process server placed the summons and complaint in Appellant's mailbox and told Appellant that he had been served?

II. Whether the Defendant was properly served when the Appellant's attorney was served after the attorney had provided representation for over six months and had not withdrawn from representation?

Appellee mother LS's statement of the issues is substantially similar to those presented by DFS:

1. Whether proper service occurred where Appellant attempted to avoid service by refusing to open his apartment door resulting in the process server placing the summons and complaint in Appellant's mailbox and telling Appellant that he had been served.

2. Whether the notice to appear was valid when it was not served on Appellant personally, but was served on Appellant's attorney who had appeared in this matter to contest jurisdiction and had not withdrawn.

## FACTS

On June 3, 1997, the State of Wyoming, through the DFS, filed a Petition to Establish Paternity and Support in the First Judicial District Court. The Petition alleged that CRB was the putative father of the then unborn child of LS. An order was issued by the district court requiring LS and CRB to appear at an informal hearing on August 25, 1997.

At the time, CRB was residing in Lake Charles, Louisiana. Personal service of the summons, petition for paternity and the order to appear at the informal hearing was attempted on July 9, 1997. The process server tried to serve CRB at his apartment, but CRB refused to open the door to accept service. Confronted with the refusal of CRB to open his door, the process server telephoned CRB and, while observing CRB through the apartment window, advised CRB he was being served and the documents were being placed in CRB's mailbox.

Counsel for CRB filed a special appearance on August 6, 1997 for the purpose of contesting personal jurisdiction on the grounds of insufficient service of process. Neither CRB nor his counsel appeared at the August 25, 1997, informal hearing and the district court commissioner subsequently issued a report proposing that service of process was sufficient and that the paternity petition be set for hearing.

While the record is not clear, CRB apparently filed a motion to dismiss at some point after the commissioner's report was issued. In response, the district court found that a *prima facie* showing had been made that CRB was subject to the court's jurisdiction and CRB had failed to present facts proving otherwise. The district court, however, gave

CRB until September 30, 1997, to file affidavits in support of his contention that there was a lack of jurisdiction. On September 29, 1997, CRB filed an Objection to Jurisdiction along with supporting affidavits. The district court issued a decision letter on October 8, 1997, concluding that, in light of the circumstances, service of process was sufficient. CRB filed a motion for reconsideration on the issue, which was denied by the district court on January 13, 1998.

The paternity petition was then set for hearing and an order requiring CRB to appear was issued on February 10, 1998. The order to appear was served on CRB's counsel on February 27, 1998.

An informal hearing on the paternity petition was held on March 9, 1998, and neither CRB nor his counsel appeared. The district court commissioner issued his report with recommendations on March 12, 1998. The district court issued its Judgment and Order for Paternity and Child Support on April 15, 1998, finding CRB to be the father of the child and setting custody, visitation and child support. CRB takes this appeal from that Judgment and Order.

## STANDARD OF REVIEW

■ Our standard of review for jurisdictional issues, including sufficiency of process, should be familiar to every litigant. The Wyoming Supreme Court "has the inherent power, and the duty, to address jurisdictional defects on appeal even though they have not been called to our attention by a litigant." *Robbins v. South Cheyenne Water and Sewage Dist.,* 792 P.2d 1380, 1384 (Wyo.1990). "The first and fundamental question on every appeal is that of jurisdiction; this question cannot be waived; it is open for consideration by the reviewing court whenever it is raised by any party, or it may be raised by the court of its own motion." *Gardner v. Walker,* 373 P.2d 598, 599 (Wyo.1962). When a lower court acts without jurisdiction, this court will notice the defect and have jurisdiction on appeal, not on the merits, but merely for the purpose of correcting the error of the lower court in maintaining the suit. *United States v.*

*Corrick,* 298 U.S. 435, 440, 56 S.Ct. 829, 832, 80 L.Ed. 1263, *reh'g denied* 298 U.S. 692, 56 S.Ct. 951, 80 L.Ed. 1410 (1936). *Gookin v. State Farm Fire and Cas. Ins. Co.,* 826 P.2d 229, 232 (Wyo.1992). Service of process must strictly comply with the requirements set forth in W.R.C.P. 4. *MN v. CS,* 908 P.2d 414, 415 (Wyo.1995). Proper service of process is a necessary condition precedent to the acquisition of personal jurisdiction under the Wyoming and federal Constitutions. Wyo. Const. art. 1, § 6; U.S. Const. amend. XIV, § 1; *Gookin,* 826 P.2d at 232.

## DISCUSSION

### Service of Process

■ CRB contends that service of process was insufficient under W.R.C.P. 4(d) because the summons and complaint were not delivered either to him personally or to another person over the age of fourteen years residing at his dwelling house or usual place of abode. Additionally, CRB argues that even accepting the District Court's finding that "in hand" delivery is not required so long as the person to be served is in close proximity to the process server, service was still insufficient because the evidence does not conclusively demonstrate that it was CRB who was in the apartment at the time service was attempted.

The requirements for personal service of process over an individual are set forth in W.R.C.P. 4(d)(1) (emphasis added):

(d) *Personal service*—... Service shall be made as follows:

(1) Upon an individual other than a person under 14 years of age or an incompetent person, by delivering a copy of the summons and of the complaint to **the individual personally,** or by leaving copies thereof at the individual's dwelling house or usual place of abode with some person over the age of 14 years then residing therein, or at the defendant's usual place of business with an employee of the defendant then in charge of such place of business, or by delivering a copy of the summons

and of the complaint to an agent authorized by appointment or by law to receive service of process[.]

We are confronted with the question of what constitutes delivery of "a copy of the summons and of the complaint to **the individual personally**" in a situation where the defendant is aware that service is being attempted and seeks to avoid service by refusing to open his door to accept service. While this Court has not directly addressed this issue in this context, other authorities have:

> While personal service of process does not require "in hand" delivery, it should not become a game of wiles and tricks and a defendant should not be able to defeat service simply by refusing to accept the papers or by instructing others to reject service. Even though a defendant refuses physical acceptance of a summons, service is complete if a defendant is in close proximity to a process server under such circumstances that a reasonable person would be convinced that personal service of the summons is being attempted.... A process server may leave the summons outside of the door of a structure, informing the defendant that he is so doing, where the defendant interposes the door between himself and the process server.

62B Am.Jur.2d, *Process*, § 204 (1990) (citations omitted). Several state courts have also held that where the defendant attempts to avoid service by interposing a door between the defendant and the process server, service is sufficient if the summons is left in close proximity to the defendant. The Georgia Court of Appeals, under a statute with language substantially similar to W.R.C.P. 4, held that where service was avoided by refusing to open a door to accept it and the summons was left on the ground outside of the door service was sufficient. *Jacobson v. Garland*, 227 Ga.App. 81, 487 S.E.2d 640 (1997).

> It is the duty of a defendant to accept and submit to the service of process when he is aware of the process server's purpose....

It is generally held that if the process server and the defendant are within speaking distance of each other, and such action is taken as to convince a reasonable person that personal service is being attempted, service cannot be avoided by physically refusing to accept the summons.

*Jacobson* at 642 (citations omitted); *see also Wood v. Weenig*, 736 P.2d 1053, 1055 (Utah App.1987); *Bossuk v. Steinberg*, 58 N.Y.2d 916, 460 N.Y.S.2d 509, 447 N.E.2d 56 (1983). Many federal courts have reached a similar conclusion. *See* 4A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure: Civil 2d § 1095 (1987 & 1998 Supp.) and cases cited therein.

In this instance, CRB refused to open his apartment door to accept service[1]. In response, the process server called CRB while still outside the apartment and informed him that he had papers to serve on him. When CRB continued to refuse to open the door, the process server informed CRB that he would deposit the summons and complaint in CRB's mailbox.

■ CRB engaged in conduct within the State of Wyoming which carried with it certain potential consequences, including legal obligations. *See generally* Wyo. Stat. Ann. §§ 14–2–101, *et seq.* (Michie 1997). CRB cannot attempt to evade those obligations by avoiding service of process. The record is clear that CRB knew service was being attempted and he deliberately attempted to avoid that service. Under these circumstances, the process server took appropriate action by informing CRB at that time that he was being served and then leaving the summons and complaint in a location where CRB was likely to find them. The rules governing service of process are intended to give a defendant reasonable notice that an action has been brought against them. *Gookin*, 826 P.2d at 233 *quoting Kulko v. Superior Court of California In and For City and County of San Francisco*, 436 U.S. 84, 91, 98 S.Ct. 1690, 1696, 56 L.Ed.2d 132, *reh'g denied*, 438 U.S. 908, 98 S.Ct. 3127, 57 L.Ed.2d 1150 (1978).

1. In his brief, CRB contends that the process server could not be certain that the person he talked to at the apartment was CRB or someone over 14 who resided there at the time and, given that uncertainty, service was not sufficient. However, in CRB's affidavit filed in the District Court, he admits that it was he who talked to the process server.

In this instance, despite the best efforts of CRB, he was given reasonable notice of the action against him and, therefore, service under the circumstances of this case was sufficient.

### Service on Attorney

After the district court found that it had personal jurisdiction over CRB through sufficient service of process, an order was issued setting an informal hearing on the substantive issues contained in the paternity petition. CRB contends that service of the notice of the informal hearing on his attorney was improper since the attorney had entered a limited appearance strictly for the purpose of challenging jurisdiction and that once the motions contesting personal jurisdiction had been denied, the attorney had completed his representation. Consequently, CRB asserts that he was denied due process since he did not have notice of the hearing and could not contest the merits of the paternity petition.

■ Historically under code pleading, a party contesting service of process was required to make a special appearance to assert such a defense. *UMWA Local 1972 v. Decker Coal Co.*, 774 P.2d 1274, 1282 (Wyo. 1989) *quoting State ex rel. Sheehan v. District Court of Fourth Judicial District, in and for Johnson County*, 426 P.2d 431, 435–36 (Wyo.1967). Following the adoption of the Wyoming Rules of Civil Procedure, the distinction between special and general appearances was eliminated. *Colley v. Dyer*, 821 P.2d 565, 567 n. 2 (Wyo.1991). Today, W.R.C.P. 12(b) allows a defendant, at his option, to assert the defense of lack of personal jurisdiction by motion and, indeed, he must do so or it is waived. *State ex rel. Sheehan*, 426 P.2d at 436. Thus there no longer exists, under the Wyoming Rules of Civil Procedure, provision for special or limited appearances for the purposes of challenging jurisdiction.

■ In this case, once CRB's attorney had made an appearance on his behalf in the district court, the Uniform Rules for District Courts of the State of Wyoming came into play. Specifically, Rule 102 sets forth the following:

**Appearance and withdrawal of counsel.**
(a)

(1) An attorney appears in a case:

(A) By attending any proceeding as counsel for any party;

(B) By permitting the attorney's name to appear on any pleadings or motions; or

(C) By a written appearance.

**(2) An appearing attorney shall be considered as representing the party or parties for whom the attorney appears for all purposes.**

(b) All pleadings shall contain the name, address and telephone number of counsel or, if pro se, the party. All notices shall be mailed to the address provided. Each party or counsel shall give notice in writing of any change of address to the clerk and other parties.

**(c) Counsel will not be permitted to withdraw from a case except upon court order.** Except in the case of extraordinary circumstances, the court shall condition withdrawal of counsel upon the substitution of other counsel by written appearance. In the alternative, the court shall allow withdrawal upon a statement submitted by the client acknowledging the withdrawal of counsel for the client, and stating a desire to proceed pro se. (Emphasis added).

By filing a written appearance in the district court, CRB's attorney appeared for all purposes related to this particular proceeding, and, under Rule 102, he could not withdraw without the approval of the district court. There is nothing in the record, and CRB has not alleged, that his attorney ever made any request to the district court to withdraw. Therefore, after the district court had ruled adversely on the jurisdictional question, CRB's attorney was still his counsel for all matters related to this proceeding.

■ Since CRB was still represented by counsel, the service of the notice of the informal hearing upon that counsel was appropriate under W.R.C.P. 5(b). In fact, W.R.C.P. 5(b), which secures the due process right to notice, **mandates** service on the attorney for a party. *Loghry v. Loghry*, 920

P.2d 664, 667–68 (Wyo.1996). Therefore, proper notice was provided to CRB and there is no due process violation.

## CONCLUSION

Service of process on CRB by leaving the summons and complaint in his mailbox was sufficient given that CRB had refused to accept service and CRB was told that the summons and complaint would be left in close proximity to CRB such that he could easily retrieve the documents. In addition, once CRB's attorney had made an appearance, it was for all purposes related to this proceeding until the district court allowed CRB's attorney to withdraw. Therefore, under W.R.C.P. 5(b) subsequent service of the notice of an informal hearing was appropriately served on that attorney.

Affirmed.