58246. CORNETT et al. v. MANHEIM SERVICES CORPORATION.

QUILLIAN, Presiding Judge.

Manheim Services Corporation brought an action seeking to recover under the subrogation provisions of an automobile bill of sale. The plaintiff conducts automobile auctions as Atlanta Auto Auction. On December 3, 1976, the defendant Bubba Cornett, d/b/a B & C Auto Brokers, purchased a 1975 Mark IV Lincoln from one Roy Roach, an employee of A & J Motors. On December 9, 1976, the defendant sold the automobile through the plaintiff to Lewis Wyatt Automobile Sales located in Alabama. Under the terms and conditions of the Bill of Sale the defendant covenanted: "The SELLER covenants with the PURCHASER that he is the true and lawful owner of the above described vehicle; that the same is free from all liens and encumbrances; that he has good right and full power to sell and transfer title to the same; and that

he will warrant and defend the same against the lawful claims and demands of all persons whomsoever." The plaintiff guaranteed the title to the vehicle "to be FREE AND CLEAR OF ALL LIENS AND ENCUMBRANCES at the time of the execution of this instrument and upon delivery of the title, if title attached to the PURCHASER for a period of FOUR (4) YEARS from the date of sale as shown on face, for an amount not to exceed the sales price as shown on face, or the wholesale price of the car at time claim is filed, whichever is the smaller amount." Under the agreement, "upon payment of any Guarantee of Title or check on the above-described vehicle Manheim Services Corporation or its assigns, shall be subrogated to all the Purchaser's rights of recovery therefore [sic] and the Purchaser shall do whatever is necessary to secure such rights and do nothing to prejudice them."

Wyatt sold the automobile in Alabama to Anniston Used Cars which on April 13, 1977, filed an application for an Alabama Certificate of Title. Some time after April 28, 1977, the application was rejected when a check with the National Crime Information Center revealed the automobile was stolen.

An affidavit by the supervisor of the Title Section of the Motor Vehicle and License Tax Division, Alabama Department of Revenue, stated that the fact the vehicle was initially reported as stolen on December 29, 1976 was subsequently confirmed on November 14, 1978; that Alabama will not issue a title for the automobile while it remains in a "stolen" status.

According to the affidavit of the defendant's agent who sold the automobile on December 9, 1976; "Sometime after May 17, 1977, approximately six months later, I was advised by the Plaintiff that they were looking for $6915.00 because I had sold an automobile which was stolen." He then related he was advised the automobile was not stolen but that A & J Motors had stopped payment on a check; that no action had been filed claiming a refund and that B & C Auto Brokers were never given the opportunity of defending against a claim by Wyatt.

On June 23, 1977, the plaintiff paid Wyatt $6,915 in refund of the purchase price of the motor vehicle and subsequently sued the defendant under the subrogation

provision.

Plaintiff moved for summary judgment and affidavits were offered by both sides. The trial judge granted plaintiff's motion and this appeal followed. *Held:*

The sale of a stolen vehicle constituted a breach of a warranty of title by the seller, or in this case by an auctioneer who guarantees the title. See 1 Anderson, Uniform Commercial Code 467, § 2-312:9.

Here the plaintiff by subrogation succeeded to the rights of the purchaser. The seller warranted to purchaser good title and rightful transfer and the obligation to defend against all lawful claims and demand. As movant for summary judgment the plaintiff, standing in the purchaser's shoes, must establish as a matter of law that the defendant failed in its obligations to the purchaser.

The defendant contends: 1) the vehicle was not stolen; 2) he was not notified and given an opportunity to defend the claim that it was stolen or to correct any cloud on the title. If the vehicle were stolen then it would not matter whether the defendant had an opportunity to defend since the breach had already occurred. The plaintiff made out a prima facie case by showing the stolen status of the vehicle extending through November 14, 1978. The defendant then had the burden of coming forward with admissible proof tending to show the vehicle was not stolen. Having failed to accomplish this, he can not now complain of the granting of summary judgment to the plaintiff.

*Judgment affirmed. Smith and Birdsong, JJ., concur.*

ARGUED JULY 10, 1979 — DECIDED
SEPTEMBER 13, 1979.

*William T. Brooks,* for appellants.
*Homer S. Mullins,* for appellee.