### A00A0964. SAVAGE v. ROBERSON.
(534 SE2d 925)

PHIPPS, Judge.

Barbara Savage sued Michael Roberson for damages in Cobb County. After determining that he did not reside there, Savage filed this complaint against Roberson in the State Court of Douglas County. The complaint was dismissed on grounds that Roberson was not properly served with process before the applicable statute of limitation expired. Savage appeals, arguing that the statute of limitation was tolled under OCGA § 9-3-96 because in answering the complaint, responding to interrogatories, and testifying in his deposition, Roberson made inconsistent and misleading statements about whether he resides in Cobb County or Douglas County, thereby deterring her from perfecting service prior to expiration of the limitation period. Finding no merit in this argument, we affirm.

This case arose from a motor vehicle collision between Savage and Roberson on November 25, 1996. Savage sued Roberson in Doug-

---

las County on June 23, 1998. She served him on July 24 by posting copies of the summons and complaint to the door of his Douglas County address and by depositing additional copies in the United States mail. Roberson's mother, with whom he lived, found the legal papers at their residence and delivered them to Roberson.

On August 21, Roberson answered the complaint and asserted insufficiency of service of process as one of his defenses. During discovery, Savage served interrogatories asking Roberson to give his "current home address" and to explain why he was claiming service of process was insufficient. In his responses filed on September 14, Roberson gave a Cobb County address as his current residence and stated that service was insufficient because he was not personally served with process. Savage scheduled Roberson's deposition in October 1998, before expiration of the two-year statute of limitation.[1] Roberson, however, had the deposition continued to December, after the statute had expired. Roberson's deposition testimony shows that he resided in Clayton County when this complaint was filed but later moved to Cobb County.

Following discovery, Roberson moved to dismiss for insufficiency of service of process. Before the trial court, Savage argued that since Roberson received actual notice of the suit in a timely fashion, service should be held proper under the "substantial compliance" rule set forth in *Brim v. Pruitt*.[2] Because *Brim* was overruled in *Bible v. Bible*,[3] the trial court granted the motion to dismiss.

1. OCGA § 9-11-4 (d) (7), the statute indisputably applicable here, states that service of process may be effected upon an individual by delivering a copy of the summons and complaint to the defendant:

> personally, or by leaving copies thereof at his dwelling house or usual place of abode with some person of suitable age and discretion then residing therein, or by delivering a copy of the summons and complaint to an agent authorized by appointment or by law to receive service of process.

Roberson was not served in any of these ways. Although *Brim* is authority for the proposition that the law was nonetheless fulfilled because Roberson received timely notice of the suit, the trial court correctly granted the motion to dismiss on the ground that *Brim* was overruled in *Bible*.

2. Because Savage's other arguments were not advanced before

---

[1] OCGA § 9-3-33.

[2] 178 Ga. App. 321 (342 SE2d 690) (1986).

[3] 259 Ga. 418 (383 SE2d 108) (1989).

the trial court, they are not properly before us on appeal.[4]

Moreover, Savage's reliance on OCGA § 9-3-96 is misplaced. If the defendant is guilty of a fraud by which the plaintiff has been debarred or deterred from bringing an action, OCGA § 9-3-96 provides that the period of limitation shall run only from the time of the plaintiff's discovery of the fraud. Roberson is not chargeable with any fraud debarring or deterring Savage from bringing an action. Nor has Roberson made inconsistent or misleading statements concerning his residence. His answer and interrogatory responses put Savage on notice that he was challenging the sufficiency of service of process because he was not personally served. A review of the law readily discloses that service was insufficient for this reason. Through Roberson's interrogatory responses, Savage was also apprised of Roberson's current address in Cobb County. Savage does not claim that Roberson falsely represented his Cobb County address. She was thus provided with all of the information she needed to perfect service of process in Cobb County prior to expiration of the statute of limitation. She simply failed to use it.

*Judgment affirmed. Johnson, C. J., and Smith, P. J., concur.*

DECIDED MAY 31, 2000.

*Kenneth J. Rajotte*, for appellant.
*Fain, Major, Wiley & Brennan, Thomas E. Brennan*, for appellee.

---

[4] See, e.g., *Cagle v. Davis*, 236 Ga. App. 657, 662 (4) (b) (513 SE2d 16) (1999).