A01A2334. FINLON v. W & J FACTORS, INC.
(560 SE2d 273)

ANDREWS, Presiding Judge.
Kenneth C. Finlon appeals from a judgment against him and in favor of W & J Factors, Inc. in a collection action. He claims the trial court erred by denying his motion to dismiss for lack of service of process. Because the record shows that Finlon was not properly served with the action, we reverse.

Instead of serving Finlon personally with the summons and complaint, the specially appointed process server attempted to serve

Finlon pursuant to OCGA § 9-11-4 (e) (7), which provides that the defendant may be served "by leaving copies [of the summons and complaint] at the defendant's dwelling house or usual place of abode with some person of suitable age and discretion then residing therein. . . ." For this form of service to be valid, it was necessary that the process server leave the copies at Finlon's residence with a person who resided there with Finlon. *Yelle v. U. S. Suburban Press*, 216 Ga. App. 46 (453 SE2d 108) (1995). To show return of service, the process server filed an affidavit stating that,

> I did personally serve Kenneth C. Finlon with a summons and complaint by handing same to Erika Norris, a person of suitable age and discretion at his residence on the 29th day of February, 2000 at 8:50 P.M. at 4012 Sudderth Road, Buford, Georgia 30518. Ms. Norris, identified as Mr. Finlon's girlfriend, then immediately notified Mr. Finlon of the service via Nextel Radio/Telephone and accepted service for him.

At the hearing on the motion to dismiss, Finlon testified that Norris was his girlfriend and was occasionally at his residence, but she did not reside with him. The process server testified that, when he attempted to serve Finlon personally at his residence, Norris answered the door, identified herself as Finlon's girlfriend, and said Finlon was not there. He said Norris stepped back inside apparently to telephone Finlon and then came back a few minutes later and said "okay." The process server stated that he handed the copies to Norris "because it appeared to me she was able to accept for him." When asked if Norris indicated that she lived there or did not live there, the process server testified, "She didn't indicate to me one way or the other."

There was also testimony from the process server that Norris told him the Lotus sports car parked at Finlon's house had been jointly purchased by her and Finlon. The process server said he later attempted additional service on Finlon at his residence as the agent of other corporate defendants in the suit and saw (twice in the evening and once in the morning) the Lotus, two pickup trucks, dump trucks, and several demolition vehicles at Finlon's residence. He said he could see shadows moving in the residence, but he did not see any individuals. Although the statements attributed to Norris by the process server were inadmissible hearsay (*Due West Assoc. v. Renfroe Mining &c. Co.*, 194 Ga. App. 397, 398 (391 SE2d 13) (1990)), Finlon confirmed in his testimony that the Lotus automobile belonged to him and Norris. He said the Lotus was kept at his residence, that

Norris rarely drove it, and that she owned a pickup that she normally drove.

Based on this evidence, the trial court concluded that Norris resided at Finlon's residence and that Finlon was properly served pursuant to OCGA § 9-11-4 (e) (7) when the process server handed the copies to Norris. To the contrary, we find the above evidence does not support the conclusion that Norris resided with Finlon when service was attempted. The return of service made by the process server does not state that Norris resided at Finlon's residence when service was attempted. It states only that Norris was at Finlon's residence, that she was his girlfriend, and that she notified Finlon of the service by telephone and accepted the service.[1] Thus, the return of service on its face fails to constitute prima facie proof that service was made pursuant to § 9-11-4 (e) (7) on a person residing with Finlon. Compare *Yelle*, 216 Ga. App. at 47. In support of his motion, Finlon testified based on personal knowledge that Norris did not reside with him. None of the evidence with respect to automobiles seen at the residence or Norris's presence there on one occasion supported a conclusion that she resided there, and it was sheer speculation to conclude otherwise. Moreover, even if Finlon was aware that Norris was served with the action, as asserted in the return of service, this does not demonstrate compliance with the service statute. "[T]here is no authority to dispense with the clear requirements of OCGA § 9-11-4 (d) (7) [currently codified at § 9-11-4 (e) (7)] merely because the defendant may otherwise obtain knowledge of the filing of the action." *Bible v. Bible*, 259 Ga. 418, 419 (383 SE2d 108) (1989).

Because there was no evidence to support the trial court's conclusion that Norris resided with Finlon when she was served with the summons and complaint at the residence, the trial court erred by denying Finlon's motion to dismiss asserting lack of service. *Due West Assoc.*, 194 Ga. App. at 397.

*Judgment reversed. Eldridge and Miller, JJ., concur.*

DECIDED JANUARY 30, 2002 —<br>RECONSIDERATION DENIED FEBRUARY 15, 2002.

*Daniels & Taylor, Jerry A. Daniels*, for appellant.

*Wagner, Johnston & Rosenthal, C. David Johnston, Michael S. Rosenthal*, for appellee.

---

[1] There was no evidence that Norris was an agent authorized to accept service on behalf of Finlon. See *Exum v. Melton*, 244 Ga. App. 775, 778 (536 SE2d 786) (2000).