## A03A2091. DINH v. CROSBY.
### (587 SE2d 320)

ELDRIDGE, Judge.

This is an appeal from a judgment entered on a sales agreement and promissory note. The trial court denied defendant/appellant Linh C. Dinh's motion to dismiss for insufficiency of service of process and lack of jurisdiction of the person and granted summary judgment in favor of plaintiff/appellee Jennifer A. Crosby. In his sole enumeration of error, Dinh alleges that the trial court erred in ruling that he was properly served. Finding no error, we affirm.

Dinh and Crosby were co-owners of an Augusta business known as Augusta Reservations Systems, Inc. ("Augusta Reservations"). Dinh and Crosby entered into an agreement whereby Crosby agreed to sell her shares of Augusta Reservations to Dinh. In return, Dinh agreed to pay Crosby $10,000 at closing; $10,000 from the first release of funds held in escrow by Cardservices International or Electronic Transfer; and an amount equal to 15 monthly payments made by Monterey Financial Services to Augusta Reservations or 15 payments of $6,000, whichever sum was greater. Dinh executed a promissory note for the 15 monthly payments. Dinh payed the initial $10,000 due at closing and the first two payments due under the promissory note. When no further payments were made, Crosby brought suit to recover the balance due under the sales agreement and promissory note, plus an additional 15 percent of the principal sum due under the promissory note as attorney fees as provided for under the terms of the promissory note.

Service was initially attempted on Dinh at 3523 Walton Way, Augusta. On November 15, 2001, the sheriff made a non est return of service, stating that Dinh's new address was 4210 Columbia Road, Suite 12-A, Martinez, Georgia. Service was then attempted on Dinh at Augusta Reservations at 4210 Columbia Road, Suite 12-A, Martinez. On December 12, 2001, the sheriff made a notorious return of service, stating that he had served Doris Stover, the company secretary and corporate officer. On January 10, 2002, Dinh answered and asserted the defense that service was not proper because the complaint was neither served upon him personally or at his dwelling place or usual place of abode. In his answer, Dinh stated that he no longer lived in Richmond County and, prior to the filing of the suit, had moved to 205 Second Avenue, Apartment 6-F, Belmar, New Jersey, 07719.

Crosby retained a New Jersey process server to serve Dinh at the Belmar address given in his answer. On April 9, 2002, the process server executed an affidavit of service indicating that he had made personal service on Dinh on April 8, 2002. In the affidavit of service, the process server described the individual he served as a white

male, with brown eyes, approximately twenty-nine years of age, approximately five feet ten inches tall, and weighing approximately 170-180 pounds. Thereafter, on August 12, 2002, Crosby served Dinh with requests for admissions, interrogatories, and requests for production of documents. Dinh did not respond to any of Crosby's discovery requests, and on October 30, 2002, Crosby filed her motion for summary judgment based on the pleadings and Dinh's admissions as a result of his failure to respond to her requests for admissions. In response thereto, Dinh filed a motion to dismiss for insufficiency of service of process and lack of jurisdiction over the person.

At the hearing on the motion to dismiss, Crosby's attorney acknowledged that service was not perfected on Dinh on December 12, 2001, when a copy of the complaint was left with Stover. As to the second service on Dinh on April 8, 2002, at the Belmar address, Dinh argued that he was not the individual served by the process server and that he no longer lived at the Belmar address on April 8, 2002. In support of his motion, Dinh submitted his affidavit in which he averred that he was not personally served with a copy of the summons and complaint in this action; that as a Vietnamese male being five feet six inches in height, his physical description did not match the physical description given by the process server of the individual who was served; that he moved out of apartment 6-F located at 205 Second Avenue, Belmar, New Jersey, on February 20, 2002; that on April 8, 2002, he was living at 289 Corbin Court, Lakewood, New Jersey, 08701; that based on the description given by the process server, he believed the person actually served was Tim Toban; and that he had not authorized Toban to accept service of process on his behalf. Toban was an employee of Dinh's and was his roommate at the Belmar address. Dinh attached to his affidavit an unexecuted copy of the first page of a lease showing him as lessee and that the lease began on February 20, 2002, for Building 1, 289 Corbin Court, Lakewood, New Jersey. In support of his motion, Dinh also submitted the affidavit of Jeff Resnick. Resnick averred that he had known Dinh for over four years; that Dinh was of Vietnamese descent; that Dinh's complexion was Asian, not White/Caucasian; and that Dinh was approximately five feet six inches in height.

In response to Dinh's motion to dismiss, Crosby submitted the affidavit of Brian Schwartzberg, the Belmar, New Jersey process server. In such affidavit, Schwartzberg averred that he had attempted service on Dinh on two occasions at the Belmar address; that on the first occasion, Dinh could not be found and service was not accomplished; that on April 8, 2002, he arrived at the building located at 205 Second Avenue, and no one responded to the security door buzzer/bell for apartment 6-F; that he waited until another resident went into the building and followed him through the secured

main door; that when he knocked on the door of apartment 6-F, a man came to the door; that after he indicated he had a delivery for Dinh, the man stated that he was Dinh and requested the package; and that he then served the summons and complaint on the man who stated he was Dinh at 5:35 p.m. on April 8, 2002. Schwartzberg further averred that, after serving Dinh, he called his office and indicated he had perfected service. His office prepared a certificate of service, which he later signed. *Held*:

"When a defendant in a lawsuit challenges the sufficiency of service, he bears the burden of showing improper service. And this is a heavy burden." *Lebbos v. Davis*, 256 Ga. App. 1, 2 (1) (567 SE2d 345) (2002). "Although the return of service is not conclusive, it constitutes evidence of a high order as to the facts it recites. [Cit.]" *D.C. Micro Dev. v. Lange*, 259 Ga. App. 611, 612 (1) (578 SE2d 251) (2003). "The return can only be set aside upon evidence which is not only clear and convincing, but the strongest of which the nature of the case will admit." (Citation and punctuation omitted.) Id. at 612-613.

> When the evidence is conflicting with respect to the proper receipt of service, as here, it becomes a question of fact to be resolved by the trial judge. See *Whatley's Interiors v. Anderson*, 176 Ga. App. 406, 407 (2) (336 SE2d 326) (1985). Whether the evidence is sufficient to overcome facts reflected in a return of service is a question to be resolved by the trial court as the factfinder. *Webb v. Tatum*, 202 Ga. App. 89, 91 (413 SE2d 263) (1991). Those findings will not be disturbed on appellate review when supported by any evidence. *Terrell v. Porter*, 189 Ga. App. 778, 779 (1) (377 SE2d 540) (1989).

*Franchell v. Clark*, 241 Ga. App. 128, 131 (3) (524 SE2d 512) (1999).

In this case, the trial court, as the trier of fact, was faced with strong evidence on both sides of the fact question. The trial court considered all the evidence which included the return of service, the process server's affidavit submitted by Crosby, and the affidavits of Dinh and Resnick submitted by Dinh. The trial court concluded that Dinh had been properly served. Because some evidence supported the trial court's finding that Dinh had been properly served, we cannot disturb the trial court's ruling on appeal. *Terrell v. Porter*, supra.

*Judgment affirmed. Johnson, P. J., and Mikell, J., concur.*

DECIDED SEPTEMBER 17, 2003.

*J. Patrick Claiborne*, for appellant.

*Shepard, Plunkett, Hamilton, Boudreaux & Tisdale, James T. Plunkett*, for appellee.