A06A2322. TAVAKOLIAN et al. v. AGIO CORPORATION et al.

(642 SE2d 903)

MILLER, Judge.

Gholamreza Tavakolian and his brother, Hamid Tavakolian ("G. T." and "H. T.," respectively, or the "Tavakolians"), appeal from the trial court's order denying their motion to dismiss the underlying consolidated petition for declaratory judgment concerning the right to redeem certain properties ("the Properties") purchased at a tax sale. The trial court's order declared that Agio Corporation and East Atlanta Land Company, Inc. ("Agio" and "East Atlanta," or the "Appellees") had the right to redeem the Properties under OCGA § 48-4-40 and ordered the Tavakolians to execute deeds conveying the Properties to them as successors-in-interest to the original record title holders. Since the record shows that the consolidated petition for declaratory judgment was not properly served on the Tavakolians and thus was void, we reverse.

G. T. purchased the Properties at an October 1997 DeKalb County tax sale, and in 2002, he transferred the Properties to H. T. In September 2002, unaware that G. T. no longer held title to the Properties, Agio and East Atlanta filed a Petition for Declaratory Judgment (the "2002 Case") in which they sought a declaration of their right to redeem the Properties from G. T. In March 2003, following a hearing at which G. T. did not appear, the trial court found that G. T. had received actual notice of the filing and the pendency of the Petition, declared that Agio and East Atlanta had the right to

redeem the Properties, and ordered G. T. to calculate the proper redemption amount and to execute and deliver a redemption release deed.

After discovering that G. T. had transferred the Properties to H. T. prior to their filing of the 2002 Case, Agio and East Atlanta filed a second petition for declaratory judgment in December 2003, which named G. T. and H. T. as defendants (the "2003 Case") and thereafter moved for default judgment. The Tavakolians filed their response to the motion for default judgment and moved to dismiss for lack of service of process. Following a hearing, the trial court sub silentio denied the Tavakolians' motion to dismiss and entered a default judgment against H. T.

The Tavakolians thereafter moved to set aside the default. At its hearing on the motion, the trial court granted the Appellees' motion to consolidate the 2002 Case and the 2003 Case. Upon entering its order denying the Tavakolians' motion to set aside the default, the trial court found that G. T. and H. T. were properly before the court in the 2003 Case, as consolidated, declared that Agio and East Atlanta "had and [have] the absolute right, as a matter of law, to redeem the [s]ubject Propert[ies] . . . [,]" and ordered the Tavakolians to transfer the Property to Agio and East Atlanta. This appeal followed.

1. The Tavakolians assert that the trial court erred by denying their motion to dismiss the consolidated petition for declaratory judgment, arguing a failure to perfect service of process in both the 2002 Case and the 2003 Case. We agree.

(a) It is undisputed that Agio and East Atlanta did not serve G. T. personally with the petition for declaratory judgment in the consolidated 2003 Case. The trial court concluded that service of process had been perfected in the 2002 Case upon evidence showing that G. T. had actual notice of the petition, its contents, and the date and time of the trial court's hearing thereon. The record, however, shows that process was twice returned non est in the 2002 Case, indicating that G. T. could not be served at the addresses provided.

Notwithstanding the Appellees' claim to the contrary, nothing of record shows that a copy of such process was left at either address, foreclosing service of process "by leaving copies thereof at the defendant's dwelling house or usual place of abode with some person of suitable age and discretion then residing therein. . . ." OCGA § 9-11-4 (e) (7). Since G. T. filed no response in the 2002 Case other than a motion alleging insufficient service of process, he did not waive such service. *Ga. Power Co. v. O'Bryant*, 169 Ga. App. 491, 491-492 (313 SE2d 709) (1984). Finally, although G. T. may have had notice of the 2002 Case, "there is no authority to dispense with the clear requirements of [OCGA § 9-11-4 (e) (7)] merely because the defendant may

otherwise obtain knowledge of the filing of the action." *Bible v. Bible*, 259 Ga. 418, 419 (383 SE2d 108) (1989).

"If service is never perfected and is not waived, the court does not acquire jurisdiction over the defendant and the suit is void, since the filing of a complaint without perfecting service does not constitute a pending suit." (Citations and punctuation omitted.) *Thornburn Co. v. Allied Media of Ga.*, 237 Ga. App. 800, 802 (1) (516 SE2d 833) (1999). In light of the foregoing, the petition for declaratory judgment in the 2002 Case was void as to G. T. for lack of jurisdiction in the trial court. It is undisputed that G. T. was not served in the 2003 Case, and it follows the 2003 Case was also void as to G. T.

(b) Service of process was attempted upon H. T. as a nonresident Californian in the 2003 Case pursuant to Georgia's Long Arm Statute, OCGA § 9-10-91. We find, however, that such action was insufficient to perfect service of process.

> Under the Georgia Long Arm Statute, a person subject to the jurisdiction of the courts of the state under Code Section 9-10-91 . . . may be served with a summons outside the state *in the same manner as service is made within the state by any person authorized to make service by the laws of the state* . . . in which service is made or by any duly qualified attorney, solicitor, barrister, or the equivalent in such jurisdiction. OCGA § 9-10-94; see also *Samay v. Som*, 213 Ga. App. 812 (446 SE2d 230) (1994).

(Punctuation omitted; emphasis supplied.) *Jacobson v. Garland*, 227 Ga. App. 81 (1) (487 SE2d 640) (1997). Given the foregoing, nonresident H. T. was subject to valid service of process in California by a copy of the summons and the complaint left with some person of suitable age and discretion then residing in his dwelling house or usual place of abode. OCGA § 9-11-4 (e) (7). Service of process upon an individual not residing in the home, however, constitutes insufficient service of process. *Finlon v. W. J. Factors*, 253 Ga. App. 754, 756 (560 SE2d 273) (2002).

When reviewing a claim of insufficient service of process, we first acknowledge that a return of service represents a prima facie showing of personal service. *Yelle v. U. S. Suburban Press*, 216 Ga. App. 46, 47 (453 SE2d 108) (1995). Although a return of service demonstrates verity and constitutes prima facie evidence concerning the facts recited therein, it is not conclusive and may be traversed and set aside by proof that such facts are not true. *Kim v. Platt*, 229 Ga. App. 92, 93 (493 SE2d 249) (1997).

Here, the California sheriff's return of service showed that he left a copy of the summons and complaint at H. T.'s address with a woman

whom he identified as "Jane Doe, co-resident," describing the woman as being "rude, evasive, and hostile" while telling him that she was H. T.'s "girlfriend or possibly his wife. . . ." While the return of service shows on its face that the sheriff had direct, personal knowledge to the effect that he left service of process "with or in the presence of" an unknown woman, it does not reflect that the sheriff had direct, personal knowledge of the woman's status as "residing" in the home. The sheriff did not testify below, and no other evidence of record supports more than the sheriff's bare speculation to such effect. *Yelle*, supra, 216 Ga. App. at 47. Conversely, H. T. testified in his affidavit upon personal knowledge that neither he nor any member of his household had received service of process. H. T.'s affidavit to such effect was sufficient to overcome the prima facie presumption that service was properly accomplished in accordance with OCGA § 9-11-4 (e) (7). That the Appellees provided no additional evidence, H. T.'s affidavit was uncontradicted and constituted direct, personal evidence that service was not accomplished on a person residing in his home in accordance with OCGA §§ 9-10-91 and 9-11-4 (e). Id.; see also *Jacobson*, 227 Ga. App. at 81 (1); *Finlon*, supra, 253 Ga. App. at 756.

Inasmuch as the evidence fails to demonstrate that the Appellees perfected service as to either G. T. or H. T., the trial court erred by denying the Tavakolians' motion to dismiss.

2. In light of our disposition of Division 1, we need not consider the Tavakolians' remaining claims of error.

*Judgment reversed. Johnson, P. J., and Ellington, J., concur.*

DECIDED MARCH 6, 2007.

*Timothy W. Hoffman*, for appellants.
*Perrie & Cole, C. Terry Blanton, Amelia T. Phillips*, for appellees.