A09A0126. ASSOCIATED CREDIT UNION v. PINTO.
(677 SE2d 789)

JOHNSON, Presiding Judge.

We granted interlocutory review in this case to determine whether the trial court erred in holding that Daniel Pinto, Sr., has standing to bring an action for damages under OCGA § 44-14-3 (c). For reasons that follow, we reverse the trial court's decision.

The record shows that in May of 2003, Pinto contracted with Carlos and Glenda Williams to purchase their home. Following the closing, the closing agent tendered payment to Associated Credit Union, the Williamses' lender, in accordance with the payoff statement for the security deed held by Associated. The letter accompanying the payment cited OCGA § 44-14-3 (c) and explained Associated's duty to cancel its security deed with the Clerk of Superior Court within 60 days of receipt of the payoff. Associated did not cancel the deed, however, because it maintains that the Williamses failed to satisfy Associated's security interest by paying its attorney fees arising out of the foreclosure proceeding that was halted when Pinto purchased the property.

Four years later, Pinto began negotiations to sell the property and discovered that Associated had not released its security deed and that it remained as an encumbrance on the title to the property.

---

[7] Id.

[8] (Citation and punctuation omitted.) *Daiss v. Bennett*, 286 Ga. App. 108, 109 (1) (648 SE2d 462) (2007).

Pinto engaged a law firm to pursue Associated for the cancellation of the security deed. In the meantime, on May 14, 2007, despite the fact that Associated had not cancelled its security deed, Pinto transferred ownership of the property by warranty deed to Chau Nguyen.

On August 2, 2007, nearly three months after Pinto sold the property to Nguyen, Pinto sent Associated a certified letter seeking the cancellation of its deed against the subject property and seeking statutory damages in the amount of $500 and attorney fees in the amount of $425 pursuant to OCGA § 44-14-3 (c). Associated never responded to Pinto's demand, but it did cancel its security deed with the Clerk of the Superior Court on August 9, 2007 in a good faith effort to resolve the dispute without resorting to litigation. Pinto, however, unaware that the security deed had been canceled, filed suit against Associated on January 17, 2008, alleging that Associated owed statutory damages of $500, as well as attorney fees of $425, pursuant to OCGA § 44-14-3 (c).

Associated filed a motion for summary judgment, claiming Pinto lacked standing to pursue the claim for damages, that Pinto was not a real party in interest under OCGA § 44-14-3, and that Pinto failed to overcome the presumption of good faith in favor of Associated. The trial court denied Associated's motion for summary judgment, finding that Pinto has standing to pursue the claim and that material issues of fact preclude summary judgment on the merits of the claim. Associated filed a certificate for immediate review and application for interlocutory appeal with this Court, which we granted. Because we find that Pinto does not have standing to pursue his claim for damages against Associated, we reverse the trial court's order.

It is well settled that every action shall be prosecuted in the name of the real party in interest.[1] Thus, a person may only challenge a ruling that has adversely affected his or her own rights.[2] And, as a general rule, "standing must be determined at the time at which the plaintiff's complaint is filed in order to place an actual case or controversy within the purview of the court."[3] Put more succinctly, the plaintiff must be able to show that he has been harmed at the time that the complaint is filed.[4] With these principles in mind, we must examine Pinto's status as a viable plaintiff on January 17, 2008, when Pinto filed his complaint against Associated for damages pursuant to OCGA § 44-14-3.

---

[1] OCGA § 9-11-17 (a).

[2] *Blair v. Bishop*, 290 Ga. App. 721, n. 1 (660 SE2d 35) (2008).

[3] (Citations and punctuation omitted.) *Perdue v. Lake*, 282 Ga. 348 (1) (647 SE2d 6) (2007).

[4] Id.

It is undisputed that at the time Pinto filed his complaint, he no longer owned the property at issue, and the deed to secure debt at issue had been cancelled by Associated. Pretermitting whether Associated had a good faith reason for failing to cancel the deed to secure debt earlier,[5] the bottom line in this case is that Pinto did not own the property at the time he filed the complaint, and there is no evidence in the record that Pinto's transaction with Nguyen was not successfully closed or was pending the resolution of any marketability issue. Therefore, at the time Pinto filed the complaint, he had no interest in the property and had suffered no injury.

In addition, OCGA § 44-14-3 (c) provides that "the" grantor (not "all" or "a" grantor) is entitled to liquidated damages and attorney fees. Further, the statute defines "grantor" as: "heirs, devisees, executors, administrators, successors, transferees, or assigns" of the original grantor of the security interest.[6] And at the time Pinto filed the complaint, he had already sold the property to Nguyen. Thus, Pinto is not "the" grantor contemplated by the statute, and he, therefore, lacks the capacity to prosecute the claims set forth in his complaint.

Pinto and the trial court erroneously relied on *Lebbos v. Davis*[7] to find that Pinto has standing to bring this action against Associated. *Lebbos* involved a declaratory judgment action in which the parties sought to determine their legal status regarding property rights. The complaint in that case alleged "that the plaintiffs are insecure as to the title and property rights in and to the [p]roperty and that further conveyance of the property without judicial direction could jeopardize the interest of [p]laintiffs."[8] Although the plaintiffs in *Lebbos* were former owners of the property, like Pinto, these property owners were in court to perfect marketable title because the creditor refused to file a cancellation after allegedly receiving full satisfaction of the debt.[9]

Pinto, on the other hand, has not alleged or produced any evidence that title to the property he sold to Nguyen was in question at the time he filed the complaint, that he incurred any delay or other problems resulting in damages when he sold the property to Nguyen, or that the sale was contingent upon Associated's cancellation of its security deed. In fact, Pinto's complaint does not even mention marketability. It merely requests statutory damages due to Associated's failure to comply with OCGA § 44-14-3. Clearly,

[5] See *Edenfield v. Trust Co. Mtg.*, 185 Ga. App. 678, 680-682 (1) (365 SE2d 520) (1988).
[6] OCGA § 44-14-3 (a) (4).
[7] 256 Ga. App. 1 (567 SE2d 345) (2002).
[8] (Punctuation omitted.) Id. at 3 (2).
[9] Id.

Nguyen, as the property owner at the time the complaint was filed, was the real party in interest and successor contemplated by OCGA § 44-14-3.

Under the circumstances in this case, the trial court erred in finding that Pinto has standing to pursue his complaint against Associated. We, therefore, reverse the trial court's order. Associated's remaining enumerations of error are deemed moot.

*Judgment reversed. Ellington and Mikell, JJ., concur.*

DECIDED APRIL 23, 2009.

*Thompson, O'Brien, Kemp & Nasuti, John P. O'Brien, Aaron M. Kappler*, for appellant.
*Jennifer S. Fitzgerald, John R. Bevis*, for appellee.