### A09A1655. HAAMID v. FIRST FRANKLIN FINANCIAL CORPORATION.

(683 SE2d 891)

MIKELL, Judge.

Shaheed Haamid appeals from the trial court's order entering default judgment against him and in favor of First Franklin Financial Corporation (FFFC), in FFFC's action to establish a lost deed. In two enumerations of error, Haamid asserts that the trial court lacked personal jurisdiction over him because he was not properly served with the complaint. We affirm the judgment of the trial court.

In its complaint, FFFC asserts that on August 28, 2006, Haamid purchased certain property in Newton County and received a warranty deed from the seller. In turn, Haamid gave a note and security deed[1] to FFFC's predecessor in interest.[2] The warranty deed and security deed were both lost somewhere between the closing attorney's office and the Newton County courthouse and were never recorded. An "Affidavit of Title," with a copy of the security deed attached, was recorded in the Newton County property records on November 27, 2007. The warranty deed was re-executed by the seller in favor of Haamid and the re-executed warranty deed was recorded in the property records of Newton County on April 8, 2008.

On June 23, 2008, FFFC filed the underlying action to establish the lost security deed pursuant to OCGA § 44-5-46.[3] On August 25, 2008, an answer was filed purportedly on behalf of Haamid by his attorney-in-fact, Tyrone Haamid. FFFC filed a motion to strike the answer, and the trial court granted the motion, on the ground that Tyrone Haamid was not an attorney licensed to practice law in

---

[1] At the closing, the note and security deed were both executed on behalf of Haamid by his attorney-in-fact, Tyrone J. Haamid.

[2] Mortgage Electronic Registration Systems, Inc., as nominee for First Franklin, a Division of National City Bank, N.A., the original grantee under the security deed, assigned its interest in the note and security deed to FFFC on May 1, 2008.

[3] OCGA § 44-5-46 ("[i]f an original deed is lost, a copy may be established by the superior court of the county where the land is located; and when the copy is established, it shall have all the effect of the original").

Georgia. Subsequently, FFFC moved for default judgment;[4] and on March 12, 2009, the trial court granted default judgment in favor of FFFC. Haamid appeals from this order.

1. Haamid asserts that the trial court lacked personal jurisdiction because service of process upon him was insufficient. This argument is without merit. The record shows that the complaint and summons were served upon Haamid at his Oregon address. This service was proper under Georgia's Long Arm Statute,[5] which "allows service outside the state in the same manner as in Georgia for defendants who are subject to personal jurisdiction under the statute."[6] The Long Arm Statute applies to Haamid as the owner of "real property situated within this state."[7]

"When a defendant in a lawsuit challenges the sufficiency of service, he bears the burden of showing improper service. And this is a heavy burden."[8] The sworn return of service found in the record, showing that Haamid was served at his Oregon address, "constitutes a prima facie showing of personal service."[9] "Although the return of service is not conclusive, it constitutes evidence of a high order as to the facts it recites. The return can only be set aside upon evidence which is not only clear and convincing, but the strongest of which the nature of the case will admit."[10]

In this case, Haamid has submitted no evidence refuting the sworn return of service. Haamid does not assert that he was not personally served with the summons and complaint, nor does he argue that the process server was not authorized to make service under either Georgia or Oregon law. In his brief, Haamid challenges the return of service solely on the ground that it does not contain the word "personally." However, the sworn return of service states that "I . . . certify that I served the [summons and complaint] upon HAAMID, SHAHEED on the 13 day of July, 2008[,]" at Haamid's

---

[4] On October 28, 2008, FFFC's first motion for default judgment was denied by the trial court on the ground that a purported answer had been filed and FFFC had not yet moved to have this answer stricken from the record.

[5] OCGA § 9-10-91 et seq.

[6] (Footnote omitted.) *Lebbos v. Davis*, 256 Ga. App. 1, 2 (1) (567 SE2d 345) (2002). See OCGA § 9-10-94.

[7] OCGA § 9-10-91 (4) ("A court of this state may exercise personal jurisdiction over any nonresident . . . , as to a cause of action arising from any of the acts, omissions, ownership, use, or possession enumerated in this Code section, in the same manner as if he were a resident of the state, if in person or through an agent, he: . . . [o]wns, uses, or possesses any real property situated within this state"). See *Regante v. Reliable-Triple Cee of North Jersey*, 251 Ga. 629, 630 (1) (308 SE2d 372) (1983).

[8] (Punctuation omitted.) *Dinh v. Crosby*, 263 Ga. App. 260, 262 (587 SE2d 320) (2003), citing *Lebbos*, supra.

[9] (Punctuation and footnote omitted.) *Lebbos*, supra.

[10] (Citations and punctuation omitted.) *Dinh*, supra.

address in Portland, Oregon; and the trial court found, based on this return of service, that Haamid had been duly and legally served with process. In this case, "[t]he affidavit of process was subject to the construction given it by the trial judge and there is no positive indication to the contrary disclosed by the record."[11] Therefore, we will not disturb the judgment.[12]

Haamid has failed to make an affirmative showing that the return of service was false.[13] Accordingly, in light of the fact that Haamid failed to respond within the time period allowed by statute,[14] the trial court did not err in granting FFFC's motion for default judgment.

2. Haamid contends that the service made upon him failed to comply with the provisions of OCGA § 9-11-4 (f) (2), which "requires that service of process upon state residents located outside the state shall be made 'in person.' "[15] Our Supreme Court has ruled that "[s]ervice of process outside the state upon parties defendant who are state residents is subject to the service-of-process requirements of the Civil Practice Act, OCGA § 9-11-4, and not the Long Arm Statute."[16] The record does not suggest, nor has Haamid argued, that he is a resident of Georgia. The record supports the trial court's conclusion that Haamid was a nonresident of Georgia. As we concluded in Division 1 above, the service made in this case complied with the provisions of the Long Arm Statute.

3. FFFC has moved this Court to impose a penalty for a frivolous appeal under Court of Appeals Rule 15 (b). Although we have rejected Haamid's arguments, we decline to impose such a penalty in this case.

*Judgment affirmed. Johnson, P. J., and Ellington, J., concur.*

DECIDED AUGUST 21, 2009.

*Reed Edmondson, Jr.*, for appellant.
*Epstein, Becker & Green, Annette K. McBrayer*, for appellee.

---

[11] *Setac Corp. v. W. P. Stephens Lumber Co.*, 159 Ga. App. 285, 286 (1) (283 SE2d 351) (1981).

[12] See id.

[13] See *Lebbos*, supra at 3 (1). Compare *McRae v. White*, 269 Ga. App. 455, 457-458 (604 SE2d 291) (2004) (defendant's unrebutted testimony that person who accepted service at his home was unknown to him and did not live there showed that the return of service was false).

[14] See OCGA § 9-11-55.

[15] *Shahan v. Scott*, 259 Ga. 172, 173 (377 SE2d 859) (1989).

[16] (Citation omitted.) Id. at 172.