A09A1838. TAVAKOLIAN et al. v. AGIO CORPORATION et al.
(697 SE2d 233)

MIKELL, Judge.

This is the third declaratory judgment action filed by Agio Corporation and East Atlanta Land Company, Inc. ("petitioners"), against Gholamreza Tavakolian ("G. T."), and his brother, Hamid Tavakolian ("H. T."), claiming the right to redeem certain properties purchased by G. T. at a DeKalb County tax sale in 1997.[1] After filing the first action in 2002, petitioners discovered that G. T., a Georgia resident, had transferred the properties to H. T., a California resident. Petitioners then filed a second declaratory judgment action against both Tavakolians. The trial court declared that petitioners had the right of redemption under OCGA § 48-4-40 and ordered the Tavakolians to execute deeds conveying the properties to petitioners as successors-in-interest to the original record title holders. We reversed the trial court's judgment because service of process was not properly perfected upon either G. T. or H. T.[2]

Following our decision, petitioners filed a new declaratory judgment action on April 30, 2007, naming only G. T. as a defendant, as he appeared to be the only party who had any right, title, or interest in the properties at that time. According to the sheriff's returns of service, G. T. could not be found, either because he was "evading" service, or the address he provided did not exist. Petitioners obtained an order for service by publication, and notice was duly published in the county legal organ once a week for four weeks, ending on August 2, 2007.[3] G. T. did not file an answer or otherwise respond to the petition. On September 21, 2007, petitioners filed a motion for default judgment against G. T. G. T. never responded to the motion.

---

[1] See *Tavakolian v. Agio Corp.*, 283 Ga. App. 881 (642 SE2d 903) (2007).

[2] Id. at 884 (1) (b).

[3] OCGA § 9-11-4 (f) (1) (C).

Petitioners discovered that, after the action was filed, G. T. transferred his interest in the properties to H. T., as he had in the 2002 action. H. T. was then added as a party respondent. A private process server effected service on H. T. in California on January 6, 2008, by leaving the complaint at H. T.'s home with his wife.[4] Interrogatories, requests for admissions, and a notice to produce were served with the complaint. H. T. filed an answer on February 5, including an "answer to requests for interrogatories, admissions and notice to produce." H. T. also filed a Uniform Superior Court Rule ("USCR") 5.2 certificate indicating that he had served his discovery responses.[5] On September 23, 2008, petitioners filed a USCR 5.2 certificate indicating that they had served the Tavakolians with another discovery request, including requests for admissions, on June 11, 2008.[6]

Petitioners filed a motion for summary judgment against the Tavakolians on November 12, 2008, asserting that they had failed to answer either of the requests for admissions. The motion included a request for attorney fees under OCGA § 9-15-14, which had been demanded in the complaint as well. A notice of hearing on the motions for default judgment, for summary judgment, and for attorney fees was sent to the Tavakolians on January 29, 2009. The hearing was set for February 24. On that date, H. T. filed a response to the motion for summary judgment, which is time-stamped 8:49 a.m. The trial court's order, also entered on that date, is time-stamped 9:54 a.m.

In the order, the trial court entered default judgment against G. T. and summary judgment against H. T. As to H. T., the trial court found that he was properly served with the complaint; that he was served with the requests for admissions on two occasions, and he never responded to the requests; and that as a result, petitioners were entitled to summary judgment against him. The trial court further found that petitioners had the right to redeem the properties and that they had tendered the proper redemption amount, $18,530.92, into the registry of the court. The court ordered G. T. and/or H. T. to execute deeds conveying their interest in the properties to petitioners. On March 17, 2009, the trial court entered an order assessing attorney fees of $9,810 and costs of $276.30 against the Tavakolians pursuant to OCGA § 9-15-14. On March 23, H. T. filed a motion for reconsideration and to vacate and set aside the default judgment. The Tavakolians then filed a notice of appeal.

---

[4] See OCGA § 9-11-4 (e) (7).

[5] The certificate of service attached to the pleading has a partially incorrect address for petitioners' counsel, however.

[6] The discovery served on June 11 is not in the record on appeal.

YALE LAW LIBRARY

Thereafter, they filed an amended motion for reconsideration and to vacate and set aside the default judgment, which included an affidavit claiming that service by publication was defective.

The Tavakolians appeal both orders, raising 11 enumerations of error. As to G. T., we affirm both the default judgment and the order assessing attorney fees. As to H. T., we conclude that petitioners did not demonstrate that they were entitled to judgment as a matter of law because the record reflects that H. T. responded to the first requests for admissions. Accordingly, we reverse the grant of summary judgment and the assessment of attorney fees and costs against H. T.

1. G. T. first contends that the trial court lacked personal jurisdiction because he was not properly served by publication. We disagree.

"The laws of Georgia authorize service by publication and by mail where the defendant conceals himself to avoid service of process."[7] The record in this case contains an order issued on June 11, 2007, authorizing service by publication, as well as a publisher's affidavit shows that the notice was published "four times within the ensuing 60 days, . . . at least seven days apart," as required by OCGA § 9-11-4 (f) (1) (C). Petitioners also caused a notice to be sent to G. T. by first-class mail, as required by the statute. G. T. contends that a clerical error in the notice of service issued by the trial court renders service by publication void. This argument is not properly before us because G. T. failed to assert it in the trial court.[8] We note that G. T. filed no response to the petition or the motions for default judgment and summary judgment at any time prior to the entry of default judgment on February 24, 2009, over 17 months after the motion for default judgment was filed, on September 20, 2007. Although a judgment void because of lack of personal jurisdiction may be attacked at any time,[9] G. T. did not file an affidavit attacking his service until after he filed a notice of appeal, divesting the trial court of jurisdiction to consider the matter.[10]

We note, in addition, that insufficiency of process or insufficiency of service of process is a defense that may be waived.[11] Thus, we have held that when a Georgia resident is served with process in an action brought in a Georgia court, he must assert the defense of

---

[7] (Citation omitted.) *Melton v. Johnson*, 242 Ga. 400, 402 (249 SE2d 82) (1978).

[8] *Savage v. Roberson*, 244 Ga. App. 280, 281-282 (2) (534 SE2d 925) (2000).

[9] OCGA § 9-11-60 (f). Subsection (d) (1) authorizes a motion to set aside a judgment based upon lack of jurisdiction over the person.

[10] See *Davis v. Harpagon Co.*, 281 Ga. 250, 253 (8) (637 SE2d 1) (2006); *Guthrie v. Wickes*, 295 Ga. App. 892, 893-894 (1) (673 SE2d 523) (2009); OCGA § 5-6-46 (a).

[11] OCGA § 9-11-12 (h) (1) (B).

lack of personal jurisdiction at the earliest opportunity, or else it is waived.[12] "Allowing a case to go to default judgment is no better than allowing a case to be tried on the merits before coming in with a technical defense."[13] As G. T. never filed an answer or a motion to dismiss prior to the entry of default judgment, he waived the defense of insufficiency of service of process.[14]

2. Insofar as G. T. challenges the default judgment on any other basis, we find no error. When a case is in default, the plaintiff is entitled to judgment "as if every item and paragraph of the complaint or other original pleading were supported by proper evidence."[15] By failing to respond to the allegations, G. T. admitted the facts alleged in the petition for declaratory judgment and waived any defenses thereto.

3. G. T. contends that the order assessing attorney fees against him under OCGA § 9-15-14 must be reversed because petitioners did not file a motion for such an award and the trial court failed to hold a hearing thereon. We disagree and affirm the award of fees as it relates to G. T.

Under OCGA § 9-15-14 (e), attorney fees and expenses "may be requested by motion at any time during the course of the action but not later than 45 days after the final disposition of the action." Whether a party's request for such fees constitutes a "motion" is a question of law that we review de novo.[16] In the case at bar, petitioners' summary judgment motion contained a motion for attorney fees under OCGA § 9-15-14. Moreover, the record reflects an affidavit of counsel setting forth his fees and expenses in detail. The fact that the supporting affidavit was not filed with the motion does not affect the order because "the decision to consider a late-filed affidavit offered in support of a motion for attorney fees under OCGA § 9-15-14 lies within the sound discretion of the trial court. It does not render the motion void ab initio."[17]

G. T. further complains that the trial court failed to hold a hearing on the motion. It is true that "[o]ne against whom an award

---

[12] *Euler-Siac S.P.A. v. Drama Marble Co.*, 274 Ga. App. 252, 254-255 (1) (617 SE2d 203) (2005).

[13] (Citation and punctuation omitted.) Id. at 255 (1). Accord *Jacques v. Murray*, 290 Ga. App. 334, 335 (1) (659 SE2d 643) (2008).

[14] See *Lee v. Pace*, 252 Ga. 546, 547 (3) (315 SE2d 417) (1984) ("Even if appellant had not been properly served he has waived any defect in service due to his failure to raise the defenses of lack of personal jurisdiction and lack of sufficiency of process by either motion or an answer as required by OCGA § 9-11-12 (h) (1) (B)").

[15] OCGA § 9-11-55 (a); *Fresh Floors v. Forrest Cambridge Apts.*, 257 Ga. App. 270, 272 (570 SE2d 590) (2002).

[16] *Nesbit v. Nesbit*, 295 Ga. App. 763 (673 SE2d 272) (2009).

[17] (Citation omitted.) *Note Purchase Co. of Ga. v. Brenda Lee Strickland Realty*, 288 Ga. App. 594, 597 (2) (654 SE2d 393) (2007).

of attorney fees is sought is entitled to an evidentiary hearing upon due notice permitting him an opportunity to confront and challenge the value and the need for the legal services claimed."[18] Here, however, G. T. was given an opportunity to challenge the basis on which the fees were assessed. He was put on notice by the motion for summary judgment, filed on November 12, 2008, to which he filed no response, and again by the notice of hearing, filed on January 30, 2009. The notice specifically recites that it is an order setting the case for a hearing on the motion for default, for summary judgment, and for attorney fees pursuant to OCGA § 9-15-14 (a) and (b). Only H. T. filed a response to the summary judgment motion before the Tavakolians filed their notice of appeal, and this response contained no relevant affidavit. By his conduct, G. T. has thus waived the right to an evidentiary hearing.[19]

Finally, G. T. has not demonstrated an abuse of discretion in the award.[20] OCGA § 9-15-14 (b) permits the trial court to assess reasonable and necessary attorney fees and expenses of litigation if it finds, inter alia, that a party "defended an action, or any part thereof, that lacked substantial justification or that the action, or any part thereof, was interposed for delay or harassment, or if it finds that . . . [a] party unnecessarily expanded the proceeding by other improper conduct." The court found that by transferring the properties to H. T. and evading service of process, G. T.'s conduct was improper. G. T. has failed to show that the trial court abused its discretion in making these findings and awarding fees.[21]

4. H. T. also asserts that service of process upon him was insufficient. To the contrary, the record shows that H. T. was validly served with process pursuant to Georgia's Long Arm Statute,[22] which applies to H. T. as the owner of "real property situated within this state."[23] The Long Arm Statute "allows service outside the state in the same manner as in Georgia for defendants who are subject to

---

[18] (Citations and punctuation omitted.) *Williams v. Cooper*, 280 Ga. 145, 146-147 (1) (625 SE2d 754) (2006).

[19] See generally *MacDonald v. Harris*, 266 Ga. App. 287, 288 (597 SE2d 125) (2004) (party may waive the right to a hearing on a motion for attorney fees, although timely objection is sufficient to preclude waiver); *Munoz v. American Lawyer Media*, 236 Ga. App. 462, 467 (3) (a) (512 SE2d 347) (1999) (party may waive right to evidentiary hearing, either expressly or by conduct).

[20] *American Nat. Property & Cas. Co. v. Amerieast*, 297 Ga. App. 443, 451 (3) (677 SE2d 663) (2009) (award under OCGA § 9-15-14 will be affirmed unless the trial court has abused its discretion).

[21] See *Hipple v. Simpson Paper Co.*, 234 Ga. App. 516, 518-519 (5) (507 SE2d 156) (1998).

[22] OCGA § 9-10-91 et seq.

[23] OCGA § 9-10-91 (4) provides:

A court of this state may exercise personal jurisdiction over any nonresident . . . , as to a cause of action arising from any of the acts, omissions, ownership,

personal jurisdiction under the statute."[24] Accordingly, H. T. was subject to valid service of process in California pursuant to OCGA § 9-11-4 (e) (7), which permits service of the summons and complaint "by leaving copies thereof at the defendant's dwelling house or usual place of abode with some person of suitable age and discretion then residing therein."[25] H. T. contends that the record does not demonstrate proper service under this Code section. We disagree.

"When a defendant in a lawsuit challenges the sufficiency of service, he bears the burden of showing improper service. And this is a heavy burden."[26] In the case at bar, a proof of service signed by Andrick Dee Minter, a registered California process server, reflects that on January 6, 2008, at 4:00 p.m., Minter rang the doorbell at H. T.'s residence, received no response, walked up the driveway, where three cars were parked, and "knocked hard on the garage," which was opened by a woman matching the description of H. T.'s wife, Nancy Howell. Minter averred that the woman declared, "I am not Hamid," and pushed the button to close the garage door. Minter dropped the complaint and summons on the garage floor. He filed a supplemental affidavit of service describing Nancy Howell and stating that he served H. T. by leaving a copy of the complaint and summons with his wife. Proof of service was filed on June 4, 2008. "The process server's return of service can only be set aside upon evidence which is not only clear and convincing, but the strongest of which the nature of the case will admit."[27] H. T. submitted no evidence refuting the sworn return of service. The affidavit that he cites in the record was untimely filed on March 23, 2009, after the notice of appeal was filed. Consequently, H. T. failed to sustain his burden of proving that service was improper.

5. H. T. contends that the trial court erred in entering summary judgment against him based on his failure to answer petitioners' request for admissions because the record reflects that he responded to the requests in his answer. We agree.

In order "[t]o affirm a grant of summary judgment, it must affirmatively appear from the record that no question of material

---

use, or possession enumerated in this Code section, in the same manner as if he were a resident of the state, if in person or through an agent, he: . . . [o]wns, uses, or possesses any real property situated within this state. . . .

[24] (Punctuation and footnote omitted.) *Haamid v. First Franklin Fin. Corp.*, 299 Ga. App. 828, 829 (1) (683 SE2d 891) (2009). See OCGA § 9-10-94.

[25] OCGA § 9-11-4 (e) (7). See *Samay v. Som*, 213 Ga. App. 812-813 (1) (446 SE2d 230) (1994).

[26] (Punctuation and footnote omitted.) *Haamid*, supra.

[27] (Citation and punctuation omitted.) *Jacobson v. Garland*, 227 Ga. App. 81, 84 (1) (487 SE2d 640) (1997); accord *Wolfe v. Rhodes*, 166 Ga. App. 845, 847 (305 SE2d 606) (1983).

fact exists and [that] the moving party is entitled to judgment as a matter of law."[28] In the case at bar, the trial court's order was based on a finding that H. T. never denied or responded in any way to the two sets of requests for admissions served upon him. To be sure, "a party's failure to timely respond to requests for admission conclusively establishes as a matter of law each of the matters addressed in the requests."[29] But the record does not support the finding that H. T. failed to respond to the request for admissions that were served with the complaint on January 6, 2008. Rather, the record shows that on February 5, 2008, H. T. filed an answer, including an "answer to requests for interrogatories, admissions and notice to produce," in addition to a USCR 5.2 certificate indicating that he had served his discovery responses.

Although petitioners contend that their service of a second set of requests for admission, to which H. T. did not respond, supports the grant of summary judgment, we disagree.

> Under OCGA § 9-11-36, the ultimate sanction (deeming a matter admitted) is available when a party completely fails to respond (OCGA § 9-11-36 (a)(2)) or after the requesting party has moved to determine the sufficiency of the answer and the trial court finds the answer fails to comply with statutory requirements. OCGA § 9-11-36 (a) (3).[30]

Therefore, a "motion to determine in a hearing the sufficiency of answers is necessary before responses to request for admissions may be deemed insufficient and deemed admitted."[31] Here, H. T. did not "completely" fail to respond, and petitioners did not move to determine the sufficiency of the answers. Therefore, petitioners did not demonstrate that they were entitled to judgment as a matter of law against H. T.

6. Given our holding in Division 5, the judgment assessing attorney fees and expenses against H. T. pursuant to OCGA § 9-15-14 is reversed as well.

*Judgment affirmed in part and reversed in part. Smith, P. J., and Adams, J., concur.*

---

[28] (Citation omitted.) *Crown Ford v. Crawford*, 221 Ga. App. 881, 882 (473 SE2d 554) (1996).

[29] (Citation and footnote omitted.) *Robinson v. Global Resources*, 300 Ga. App. 139, 140 (684 SE2d 104) (2009), citing OCGA § 9-11-36 (b).

[30] *Clements v. Toombs County Hosp. Auth.*, 175 Ga. App. 651, 652 (1) (334 SE2d 188) (1985).

[31] Id. at 653 (1).

DECIDED JUNE 2, 2010 —
RECONSIDERATION DENIED JUNE 29, 2010 — 

Gholamreza Tavakolian, *pro se.*
Hamid Tavakolian, *pro se.*
C. *Terry Blanton*, for appellees.